729 So.2d 534 (1999)
The STATE of Florida, Appellant,
v.
Douglas PELICANE, Appellee.
No. 98-835.
District Court of Appeal of Florida, Third District.
April 14, 1999.
*535 Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Amy D. Ronner, Special Assistant Public Defender, and Jamie Lappas, and Anna Avrasin, and Annabel Majewski, Certified Legal Interns, for appellee.
Before GERSTEN, GODERICH, and GREEN, JJ.
PER CURIAM.
The State appeals the trial court's refusal to adjudicate the defendant, Douglas Pelicane, guilty of felony DUI. We affirm.
The defendant was found guilty of DUI and a hearing was held to determine whether this conviction constituted a felony. In order to prove felony DUI, the State had to establish that the defendant had at least three prior DUI convictions. See § 316.193(2)(b), Fla. Stat. (1997). At the hearing, the State presented court records and fingerprint standards to prove two prior DUI convictions. The State also had a fingerprint expert identify the fingerprints as belonging to the defendant, thereby linking the defendant to those two convictions. In an attempt to establish a third prior DUI conviction, the State introduced an electronic docket sheet relating to a DUI conviction for a person by the name of Douglas Joseph Pelicane as well as a certified copy of the defendant's driving record, listing three prior DUI convictions.
The trial court determined that the evidence was only sufficient to prove two prior DUI convictions beyond a reasonable doubt. We agree.
In State v. Rodriguez, 575 So.2d 1262 (Fla.1991), the Florida Supreme Court determined that the State's burden in proving prior DUI convictions to support a felony DUI charge is the same as proving prior felonies under the habitual felony offender statute. The Court stated:
the trial court shall hold a separate proceeding without a jury to "determine the historical fact of prior convictions and questions regarding identity in accord with general principles of law, and by following the procedure now employed under Section 775.084."
. . .
The trial court must be satisfied that the existence of three or more prior DUI convictions has been proved beyond a reasonable doubt before entering a conviction for felony DUI.
State v. Rodriguez, 575 So.2d at 1266. Thus, once a defendant charged with felony DUI is convicted of driving under the influence, the State must prove two elements beyond a reasonable doubt: (1) the historical fact of at least three prior DUI convictions and, (2) that the defendant is the person convicted on those prior occasions.
The State cites Kohler v. State, 534 So.2d 1213 (Fla. 5th DCA 1988), for the proposition that the computerized driving record, by itself, suffices to prove the third prior conviction. Kohler seems to have been decided on a preponderance of the evidence standard of proof.[1] The Florida Supreme Court, however, subsequently decided Rodriguez, wherein the Court held that the State must prove the priors beyond a reasonable doubt. We agree with the trial court's determination that the computerized driving record is too unreliable to meet this heightened standard.
Furthermore, the admission of the electronic docket information does not cure this unreliability. The probative value of this evidence lies primarily in proving that prior conviction exists; not in linking the defendant to the conviction. The evidence only tends to link the defendant to the conviction by the fact that the name on the docket sheet matches the defendant's name. This is clearly insufficient. See Monson v. State, 627 So.2d 1301 (Fla. 1st DCA 1993), rev. denied, *536 639 So.2d 981 (Fla.1994); Sinkfield v. State, 592 So.2d 322 (Fla. 1st DCA 1992); Killingsworth v. State, 584 So.2d 647 (Fla. 1st DCA 1991).
Accordingly, because the State failed to prove that this defendant had three prior DUI convictions, the judgment entered below is affirmed.
Affirmed.
NOTES
[1] Kohler relied heavily upon Pritchard v. State, 528 So.2d 1272 (Fla. 1st DCA 1988), disapproved of by, State v. Rodriguez, 575 So.2d 1262 (Fla. 1991), a decision premised upon a preponderance of the evidence standard.