754 So.2d 691 (2000)
STATE of Florida, Petitioner,
v.
Robert HARBAUGH, Respondent.
No. SC93037.
Supreme Court of Florida.
March 9, 2000.
*692 Robert A. Butterworth, Attorney General, Celia Terenzio, Senior Assistant Attorney General, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, Florida, for Petitioner.
Alan T. Lipson of Essen, Essen, Susaneck, Canet & Lipson, P.A., Aventura, Florida, for Respondent.
PER CURIAM.
We have for review a district court's decision on the following question, certified to be of great public importance.

WHERE A DEFENDANT REQUESTS THAT THE JURY DETERMINE THE EXISTENCE OF PRIOR DUI CONVICTIONS IN A FELONY DUI TRIAL, SHOULD THE BIFURCATED PROCEDURE OF STATE V. RODRIGUEZ, 575 SO.2d 1262 (FLA. 1991), BE AMENDED IN LIGHT OF UNITED STATES V. GAUDIN, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995)?
Harbaugh v. State, 711 So.2d 77, 83 (Fla. 4th DCA 1998). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative.
In State v. Rodriguez, 575 So.2d 1262 (Fla.1991), this Court established the procedure whereby a defendant charged with felony DUI, requiring three previous convictions *693 of misdemeanor DUI in addition to the presently charged DUI,[1] must be tried in a bifurcated process.
We conclude that if a defendant charged with felony DUI elects to be tried by jury, the court shall conduct a jury trial on the elements of the single [present] incident of DUI at issue without allowing the jury to learn of the alleged prior [misdemeanor] DUI offenses. If the jury returns a guilty verdict as to that single incident of DUI, the trial court shall conduct a separate proceeding without a jury to determine, in accord with general principles of law, whether the defendant had been convicted of DUI on three or more prior occasions. All evidence of the prior DUI convictions must be presented in open court and with full rights of confrontation, cross-examination, and representation by counsel. The trial court must be satisfied that the existence of three or more prior DUI convictions has been proved beyond a reasonable doubt before entering a conviction for felony DUI.
Id. at 1266 (footnote omitted).
The import of the Rodriguez decision was that, absent the bifurcated process, the jury is directly confronted with evidence of defendant's prior criminal activity and the presumption of innocence is destroyed and that "[i]f the presumption of evidence is destroyed by proof of an unrelated offense, it is more easily destroyed by proof of a similar related offense." Id. at 1265 (quoting State v. Harris, 356 So.2d 315, 317 (Fla.1978)). We found support for the bifurcated process in Shargaa v. State, 102 So.2d 814 (Fla.1958), wherein we explained:
[Based on] our traditional concepts of due process in the administration of the criminal laws, the State should not be permitted merely to charge an accused with the commission of a crime and buttress its current charge with a simultaneous allegation that the accused had previously been convicted of a totally unrelated crime committed years before. It appears to us that the product of such a procedure would substantially destroy the historical presumption of innocence which clothes every defendant in a criminal case and in the mind of the average juror would in a measure place upon the accused the burden of showing himself innocent rather than upon the State the responsibility of proving him guilty.
Id. at 816. Thus, we held in Rodriguez that in the circumstance where a felony DUI charge contains an element of prior misdemeanor DUI offenses, in order to protect the defendant's presumption of innocence, due process allows a trial judge to make the determination of the existence vel non of the alleged prior misdemeanor offenses after the jury returns a guilty verdict in the present DUI charge. Rodriguez, 575 So.2d at 1266.
In so holding, we made an unarticulated constitutional tradeoff. We preserved the defendant's presumption of innocence but at the cost of the defendant's constitutional right to have the jury and not the trial judge make the ultimate finding of guilt. See In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the United States Supreme Court reviewed this latter issue.
In Gaudin, the Court was presented with the question of whether it is constitutional for the trial judge to refuse to submit the question of "materiality" to the jury where a defendant is criminally charged with making material false statements to a federal agency under 18 U.S.C. § 1001. Gaudin, 515 U.S. at 507, 115 S.Ct. 2310. In analyzing the issue, the Court reaffirmed its previous holding that the Due Process Clause[2] and the Sixth *694 Amendment[3] to the United States Constitution require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which the defendant is charged. Id. at 509-10, 115 S.Ct. 2310.[4]
Examining the Rodriguez bifurcated trial process in felony DUI prosecutions in light of Gaudin, we hold that in this bifurcated process the jury, not the judge, must determine the verdict from the evidence presented in the second phase. In State v. Woodruff, 676 So.2d 975, 977-78 (Fla. 1996), we held that in order to establish the crime of felony DUI there be: (1) a conviction of the current misdemeanor DUI; and (2) proof of an additional element of the existence of three or more prior misdemeanor DUI convictions. § 316.192(2)(b), Fla. Stat. Given, therefore, that every element of felony DUI must be proven to the satisfaction of the jury beyond a reasonable doubt, the jury, unless waived by the defendant, must decide the issue regarding the three prior convictions. See Gaudin, 515 U.S. at 523-24, 115 S.Ct. 2310 (Rehnquist, C.J., concurring). It follows then that felony DUI trials must be conducted before the jury in two stages because the concern remains about tainting the consideration of the current misdemeanor DUI with evidence concerning the past DUI.[5]
We caution that the State may only submit a certified copy of each judgment in order to evidence a defendant's prior DUI convictions and shall not develop the facts underlying any such offense unless the defendant contests the validity thereof at trial. See State v. Vazquez, 419 So.2d 1088 at 1091 (Fla.1982); Parker, 408 So.2d 1037 at 1038. Furthermore, based on our recent decision in Brown v. State, 719 So.2d 882 (Fla.1998), the State and the trial court should accept a defendant's stipulation to three prior misdemeanor DUI convictions. As in Brown, where a defendant stipulates to the three prior DUI convictions, the State's burden of proof for that element is satisfied. Id. We likewise make clear that the defendant may not collaterally attack the prior convictions in the second phase of these trials.
Finally, we hold in accord with Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), that a Gaudin error is subject to harmless error review. As stated in Neder:
In a case such as this one, where a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee.
. . . .
....[A] court, in typical appellate-court fashion, asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. If the answer to that question is "no," holding the error harmless does not "reflec[t] a denigration of the constitutional rights involved." [Rose v. Clark, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)].
We therefore answer the certified question in the affirmative and remand this *695 case to the district court for further proceedings in accord with this opinion.
We decline to address the State's argument that the district court erred in ordering a new trial on another ground. Therefore, we find no basis for disturbing the district court's decision, and it is approved.
It is so ordered.
HARDING, C.J., and WELLS, ANSTEAD and PARIENTE, JJ., concur. SHAW, J., dissents with an opinion.
SHAW, J., dissenting.
I respectfully dissent from the majority opinion because I am convinced that defendants charged with felony DUI are not entitled to a bifurcated trial. The parties agree that three prior misdemeanor DUI convictions are an element of felony DUI. See § 316.193(2)(b), Fla. Stat. (1995); State v. Rodriguez, 575 So.2d 1262, 1265 (Fla.1991)("[P]rior DUI convictions [are] an essential element of felony DUI...."). This being the case, we are then faced with the issue of whether an element of a crime may be presented after the jury retires to consider its verdict. Florida Rule of Criminal Procedure 3.430 answers the question negatively by disallowing the recall of a jury in order to give it additional evidence on the charged offense after it retires to consider the verdict. See id. ("After the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence."); Scott v. State, 664 So.2d 3, 4 (Fla. 3d DCA 1995)("The presentation of new evidence after the court submits the cause to the jury is improper."). In felony DUI prosecutions, therefore, the State must present its evidence of the charged offense-including that of prior DUIs-in a unitary trial.
The majority of states that have considered the question of bifurcation regarding felony drunk driving offenses that include prior like offenses as an element have held that such defendants are not entitled to a bifurcated trial.[6] Use of a unitary trial would be consistent with other offenses where the State proves-in a single continuous proceeding-the existence of a prior conviction as a necessary element of the charged offense.[7]See Parker v. State, 408 *696 So.2d 1037, 1038 (Fla.1982)(recognizing the State's burden of proving, within a standard unitary trial, the element of being a convicted felon in a prosecution for possession of a firearm by a convicted felon), overruled on other grounds, Brown v. State, 719 So.2d 882 (Fla.1999).[8] Moreover, similar fact evidence is admissible before the jury in a unitary proceeding if relevant to prove the charged offense notwithstanding that it may be (and generally is) highly prejudicial. See Williams v. State, 110 So.2d 654, 658 (Fla.1959)(affirming the admission of evidence concerning an alleged prior unrelated attempted rape based on its relevance to the charged rape).
I also disagree with the majority's conclusion that the failure in this instance to present evidence of prior DUIs to the jury is harmless error under Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The facts in Neder make it easily distinguishable from the instant case. Neder was convicted of filing false federal income tax returns and of federal mail fraud, wire fraud, and bank fraud. The district court erroneously instructed the jury that to convict on the tax offenses it need not consider the materiality of any false statements even though that language was used in the indictment. In other words, the jury was instructed that materiality "is not a question for the jury to decide." In reviewing the error, the Supreme Court held that an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair and is subject to harmless error analysis. See id., 119 S.Ct. at 1837. The Court went on to find that the error in Neder was harmless because the prosecutor presented the jury with substantial evidence of the omitted element of materiality such that "no jury could reasonably find that Neder's failure to report substantial amounts of income on his tax return was not `a material matter.'" Id. This is in stark contrast to the instant case where no evidence of the missing element (three prior DUIs) was presented to the jury. Thus, it is impossible for an appellate court to say, as it did in Neder, that the omitted element was uncontested and supported by overwhelming evidence such that the jury verdict would have been the same absent the error. See id. The failure to present any evidence of prior DUIs to the jury, therefore, cannot be considered harmless error in this instance.
NOTES
[1] See § 316.193(2)(b), Fla. Stat. (1995).
[2] No person shall be "deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V.
[3] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury...." U.S. Const. amend. VI.
[4] The Court then applied the well-settled law to the circumstance of a materiality finding necessary in the criminal false statement charge and held that the materiality of the alleged statement was an element of the offense; therefore, the jury had to determine whether the alleged statement was material in order to find the accused guilty. See Gaudin, 515 U.S. at 522-23, 115 S.Ct. 2310.
[5] We recognize that Florida Rule of Criminal Procedure 3.430 provides that "after the jurors have retired to consider their verdict the court shall not recall the jurors to hear additional evidence." This rule does not apply to this bifurcated process, which contemplates two separate verdicts by the same jury.
[6] See State v. Geschwind, 136 Ariz. 360, 666 P.2d 460, 462-63 (1983)(holding that because prior conviction for DWI is an element of charged felonious second DWI offense, the defendant was not entitled to a bifurcated trial on each charge, evidence of the first offense was necessarily admissible pursuant to the state's burden of proving all the elements of the crime charged, and, for the same reasons, the evidence was not unfairly prejudicial); State v. Lugar, 734 So.2d 14, 16 (La. Ct.App.1999); Weaver v. State, 713 So.2d 860, 865 (Miss.1997)("[The prior convictions] were necessary elements of the Felony DUI for which [defendant] was charged in the case sub judice. Therefore, each had to be proved to the jury in order to obtain a conviction for Felony DUI."); People v. Keller, 214 A.D.2d 825, 625 N.Y.S.2d 325, 326 (1995)(holding that evidence of defendant's prior misdemeanor DWI conviction was properly submitted to a grand jury as evidence of the defendant's guilt of charged felony DWI); Farmer v. Commonwealth, 10 Va.App. 175, 390 S.E.2d 775, 776 (1990)(holding that "evidence of prior DUI convictions is necessary to prove the substantive offense of driving under the influence as a third or subsequent offense, and therefore, is admissible during the guilt stage of a bifurcated trial"-where second half of bifurcated trial pertained to sentencing); and State v. Fox, No. 25171, ___ So.2d ___, ___, 1998 WL 831604, at *2 (W.Va. Nov.23, 1998). But see Peters v. State, 286 Ark. 421, 692 S.W.2d 243, 245 (1985)(holding that a trial for felony DWI should be bifurcated so that the "jury must first hear evidence of guilt... [and if] the defendant is found guilty of the instance of DWI alleged, the jury will then hear evidence of previous convictions" even though the convictions constituted an "element" of the instant offense); Ross v. State, 950 P.2d 587, 591 (Alaska Ct.App.1997)(stating in dicta that bifurcation is "recommend[ed]" in such cases even though a unitary trial is "permissible" and "fair").
[7] Federal circuit courts of appeal that have considered the issue of bifurcated trials for defendants charged with possession of a firearm by a convicted felon have consistently rejected bifurcation. See United States v. Underwood, Nos. 95-5441, 95-5442, 1996 WL 536796, at *6, 97 F.3d 1453 (6th Cir. Sept.20, 1996) (Table); United States v. Nguyen, 88 F.3d 812, 818 (9th Cir.1996); United States v. Dean, 76 F.3d 329, 332 (10th Cir.1996); United States v. Jacobs, 44 F.3d 1219, 1222-23 (3d Cir.1995); United States v. Birdsong, 982 F.2d 481, 482 (11th Cir.1993); United States v. Collamore, 868 F.2d 24, 28 (1st Cir.1989). The following reasons are frequently provided:

Any other holding would have three impermissible results. First, if the jury did not return a guilty verdict on the possession portion of the crime, the government would be precluded from proving an essential element of the charged offense. Second, a bifurcated proceeding would withhold from the jury all knowledge of the prior felony element of the crime. Third, the bifurcation order would require omitting an element of the charged offense from the jury instructions. A district court may not eliminate an element of the crime charged.
Underwood, 1996 WL 536796, at * 6, 97 F.3d 1453 (quoting United States v. Barker, 1 F.3d 957, 959 (9th Cir.1993)). These reasons are also applicable to bifurcation of felony DUI trials under Florida law.
[8] Employment of a stipulation pursuant to Brown may better address the concern about unfair prejudice while maintaining the integrity of trial procedures. In Brown, this Court held that the State's burden of proof as to the element of being a convicted felon (in a prosecution for possession of a firearm by a convicted felon) could be satisfied by a defendant's stipulation that must be accepted by the trial court. See Brown, 719 So.2d at 889. The court would then instruct the jury-within the same unitary trial-that the element is proven by agreement of the parties. See id. Thus, Brown shows how a stipulation in the instant case may be more sensible and consistent with Florida precedent than a bifurcated trial resulting in a double verdict.