775 So.2d 969 (2000)
Kevin COYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-3245.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Rehearing Denied February 7, 2001.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Upon mandate issued in this case by the Florida Supreme Court following its decision in State v. Harbaugh, 754 So.2d 691 (Fla.2000), we reverse appellant's conviction for felony DUI and remand this case to the trial court for a jury determination of whether appellant had the requisite three or more prior DUI convictions for felony adjudication.
Based upon our review of the record, the failure to separately submit this issue to the jury was not harmless error in this case, because the evidence relied upon by the trial court was insufficient to prove the historical fact of appellant's prior DUI convictions and to prove that appellant was the person convicted on those prior DUI charges. The state submitted only a certified copy of appellant's driving record. It failed to introduce certified copies of the *970 judgments of conviction and to link those convictions to appellant. See State v. Pelicane, 729 So.2d 534 (Fla. 3d DCA 1999).
REVERSED and REMANDED.
WARNER, C.J., STEVENSON and TAYLOR, JJ., concur.