770 So.2d 249 (2000)
Roosevelt SYLVESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1814.
District Court of Appeal of Florida, Fifth District.
October 27, 2000.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
*250 THOMPSON, C.J.
Roosevelt Sylvester appeals his conviction and sentence for felony driving with license suspended (DWLS). We reverse.
After the jury returned a verdict of guilty of DWLS and was discharged, the state re-opened its case and introduced a certified copy of a driving record showing five previous convictions for DWLS. The defense objected to the introduction of the record but was overruled. The state rested and defense counsel moved for a judgment of acquittal, contending that the driving record was insufficient evidence to prove beyond a reasonable doubt that Sylvester had the prior convictions necessary to make the DWLS charge a felony. The judge denied the motion and found that Sylvester had the requisite prior convictions to make his DWLS a felony.
In Kohler v. State, 534 So.2d 1213 (Fla. 5th DCA 1988), abrogation recognized by, State v. Pelicane, 729 So.2d 534 (Fla. 3d DCA 1999), we held that a certified driving record could be used to prove prior convictions in a case of felony DUI. Kohler, 534 So.2d at 1213. Kohler relied on Pritchard v. State, 528 So.2d 1272 (Fla. 1st DCA 1988), disapproved, State v. Rodriguez, 575 So.2d 1262 (Fla.1991), which held that where the burden of proof is the preponderance of the evidence, the state may prove the prior DUIs with records that are not certified copies of judgments and convictions. Id. at 1273.
Based on State v. Harbaugh, 754 So.2d 691 (Fla.2000) and other recent cases, however, prior convictions must be established not by the preponderance of the evidence, but by proof beyond a reasonable doubt.[1] In Harbaugh, the court noted that every element of felony DUI, including the prior convictions, must be proven beyond a reasonable doubt. Id. Although the issue in Harbaugh was the bifurcation of a felony DUI trialnot the issue here[2]the supreme court confirmed in Harbaugh that when prior convictions constitute an element of the charged crime, the prior convictions must be proven beyond a reasonable doubt. See also, Rodriguez, 575 So.2d at 1266 (holding that a computerized driving record is too unreliable to be proof beyond a reasonable doubt, and pointing out that Pritchard apparently relied on the lesser standard); but cf. Apprendi v. New Jersey, 530 U.S. 466, ___ _ ___, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime ... must be ... proved beyond a reasonable doubt")(emphasis added).
In the instant case, the computerized driving record did not prove the historical fact of the prior convictions, nor did it serve to link Sylvester to the listed convictions. See Coyne v. State, 25 Fla. Law Weekly D2063, ___ So.2d ___, 2000 WL 1225947 (Fla. 4th DCA Aug.30, 2000). As the Third District Court of Appeal explained in Pelicane:
The probative value of this evidence [the driving record] lies primarily in proving that prior conviction exists; not in linking the defendant to the conviction. The evidence only tends to link the defendant to the conviction by the fact that the name on the docket sheet matches the defendant's name. This is clearly insufficient.
Pelicane, 729 So.2d at 535. Cf. Killingsworth v. State, 584 So.2d 647, 648 (Fla. 1st DCA 1991)("Although the historical fact of a prior felony conviction can be proved by introducing a certified copy of a prior felony judgment ... mere identity between the name appearing on the prior judgment *251 and the name of the defendant on trial does not satisfy the state's obligation to present affirmative evidence that they are the same person").
It is true, as the dissent states, that there is evidence in the record that Sylvester's date of birth, address, and physical description are on the Uniform Traffic Citation and the copy of the driving record. However, it does not necessarily follow that Sylvester actually committed the offenses listed on the driving record. It is not unusual for relatives, roommates, or friends to use the identity of someone (the unknowing defendant) because their own driving record is less than stellar. A relative or friend knows the unknowing defendant's birthday, address and other pertinent information and, if stopped, could give that information to the law enforcement officer. The wrongdoer could even be driving the vehicle registered to the unknowing defendant. The officer could issue a ticket for driving without a license and the license would be suspended when the wrongdoer did not appear in court. Or, the wrongdoer could use the stolen identity, enter a plea, and never satisfy the obligations (fine and costs) imposed. The suspension of the license for failing to satisfy the obligation would be reflected on the unknowing defendant's driving record. Eventually, the unknowing defendant's driving record would become an issue in his own trial. But the defendant should not have to prove that he did not cause all of the offenses listed on his record. The state has the obligation of proving each element of the crime beyond a reasonable doubt, and that includes proving that each conviction was the result of the defendant's wrongdoing.
Also, although computers help us store and retrieve information, and are viewed by some as infallible, occasionally people who input the data make mistakes. It is not enough that the state introduce the driving record if it plans to enhance a defendant's punishment; the state must prove that the defendant has been convicted of each crime that is used to enhance the defendant's punishment. The state must prove the prior convictions and link the defendant to the convictions.
REVERSED and REMANDED with instructions to re-sentence Sylvester on the misdemeanor charge of DWLS.
GRIFFIN, J., concurs.
ORFINGER, M., Senior Judge, dissents, with opinion.
ORFINGER, M., Senior Judge, dissents.
I respectfully dissent. In the record before the court was the Florida Uniform Traffic Citation issued on the charge of "Driving While License Suspended or Revoked" in the instant case. The person charged was Roosevelt Sylvester, of Route 1, Box 189, Hawthorne, Florida, a black male, date of birth 10-18-60 with Florida driver's license number S41272060378, which had expired 10-18-84. The transcript of the driver record before the court to prove the prior offenses was the record of Roosevelt Sylvester, Route 1, Box 189, Hawthorne, Florida, black male, date of birth 10-18-60, driver's license No. S412-720-60-378-0, date expired 10-18-84. This transcript clearly pointed to this defendant as the person whose record it purported to represent.
The court in State v. Pelicane, 729 So.2d 534 (Fla. 3d DCA 1999) did not hold the computerized driving record to be inadmissable, but only that it was unreliable. As to the docket sheet which was presented to prove one conviction, the court said that it only tended "... to link the defendant to the conviction by the fact that the docket sheet matches the defendant's name." Id. at 535. The reliability of admissible evidence is for the finder of fact. As demonstrated above, there is more here than merely matching the name on the record to the defendant. If the computerized record presented here is admissible, as I believe it to be, then this unrefuted record combined with the information contained *252 in the citation is sufficient to carry the state's burden required of it by State v. Rodriguez, 575 So.2d 1262 (Fla.1991) and the more recent case of State v. Harbaugh, 754 So.2d 691 (Fla.2000). See Gowins v. State, 745 So.2d 1156 (Fla. 5th DCA 1999) (driving records certified by machine imprint are to be accepted as evidence where no genuine issue of authenticity is raised).
I would affirm.
NOTES
[1] Kohler is still correct in asserting that the certified driving record is admissible as an abstract of court records of convictions and a complete driving record certified by the machine imprint of the Department of Highway Safety and Motor Vehicles.
[2] Harbaugh, which was issued after the trial in the instant case, held that the jury must determine the existence of the prior convictions.