GREEN, Judge.
Roberto Jesus Garcia appeals his convictions of possession of a firearm by a felon and felony driving with a suspended license. Garcia contends there was insufficient evidence to support either charge. We affirm Garcia’s conviction for possession of a firearm by a felon because there was sufficient evidence for the charge to be decided by the jury. We reduce the felony driving with a suspended license to driving with a suspended license.
As to the third-degree felony of driving with a suspended license, we are required to reverse because the State, over objection, relied on a certified copy of Garcia’s driving record to prove the historical fact of Garcia’s two prior convictions for driving with a suspended license. When prior convictions constitute an element of a charged crime, the prior convictions must be proven beyond a reasonable doubt by introduction of certified copies of each judgment. See State v. Harbaugh, 754 So.2d 691 (Fla.2000); Sylvester v. State, 770 So.2d 249 (Fla. 5th DCA 2000). Because the State failed to prove beyond a reasonable doubt that Garcia had two prior convictions for driving with a suspended license, we reverse Garcia’s conviction for third-degree felony driving with a suspended license.[1] However, the evidence presented was sufficient to prove the misdemeanor offense of driving with a suspended license. Thus, upon remand, the trial court is directed to enter judgment and resentence Garcia on the misdemeanor charge of driving with a suspended license. See § 924.34, Fla. Stat. (1997).
Accordingly, we affirm Garcia’s judgment and sentence for possession of a firearm by a convicted felon. We reverse the judgment and sentence for felony driving with a suspended license and remand with directions for the trial judge to enter judgment against Garcia for the misdemeanor offense of driving with a suspended license and to resentence him accordingly.
FULMER, A.C.J., and SILBERMAN, J., Concur.

. Because our reversal is based on a failure of proof, we do not address Garcia’s additional contention that the trial court erred by failing to submit to the jury the determination of whether the requisite prior convictions were proved. Likewise, we do not address the State’s contention that this issue was waived.