DAVIS, Judge.
Gary Garrett challenges his conviction for felony driving with a suspended or revoked license. He maintains that his computerized driving record was insufficient to prove that he possessed the requisite prior convictions. He also argues that the court erred in enhancing his driving while license suspended offense to a felony based on prior convictions that occurred before October 1, 1997. We agree on both issues and reverse the felony enhancement portion of Garrett’s conviction of driving while license suspended.
Pursuant to Sylvester v. State, 770 So.2d 249 (Fla. 5th DCA 2000), a computerized driving record is insufficient to prove prior driving while license suspended convictions. See also Coyne v. State, 775 So.2d 969 (Fla. 4th DCA 2000). Although the State argues that the presence of identifying information in Garrett’s Florida Uniform Traffic Citation and in the charging document distinguish Sylvester from this case and serve to tie Garrett to the computerized driving record, the Sylvester court specifically rejected this suggestion. In Sylvester, the court observed that although the record there contained evidence of the defendant’s date of birth, address, and physical description in the Uniform Traffic Citation, this was insufficient. Although the dissent noted that the Uniform Driving Citation also contained the defendant’s Florida driver’s license number, which matched the driver’s license number on the computerized driving record, the majority in Sylvester apparently was unpersuaded by these facts, concluding that they were insufficient to prove the prior convictions beyond a reasonable doubt, as is required by State v. *803 Harbaugh, 754 So.2d 691 (Fla.2000). Accordingly, despite the Florida Uniform Traffic Citation’s identifying information in the instant case, we must conclude that the computerized driving record is insufficient proof of the prior offense required to convict Garrett of the felony offense of driving while license suspended.
Furthermore, pursuant to Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000), Garrett’s prior convictions for driving while license suspended or revoked cannot be used to enhance his current driving while license suspended offense to a felony since the previous statute did not require knowledge as an essential element of the offense, while the current statute does. Garrett’s prior convictions occurred on January 31, 1995, and November 15, 1995. Under the statute in effect on those dates, one could be guilty of driving while license suspended without knowing that the license had been suspended. § 322.34, Fla. Stat. (1995). However, the statute under which Garrett was charged in the instant offense does require that the defendant know that the license has been suspended or revoked. See § 322.34(2)(c), Fla. Stat. (Supp.1998). Because the previous statute did not require the element of knowledge, Garrett’s convictions under that statute may not be used as prior convictions pursuant to the new statute. See Huss, 771 So.2d at 593. Accordingly, we vacate Garrett’s conviction for felony driving while license suspended and remand for resen-tencing on the remaining misdemeanor.
Reversed.
BLUE, C.J., and STRINGER, J., Concur.