809 So.2d 99 (2002)
STATE of Florida, Appellant,
v.
Roman FIELDS, Appellee. and
State of Florida, Appellant,
v.
James Dinsdale, Appellee. and
State of Florida, Appellant,
v.
Hubert Stepp, Appellee.
Nos. 2D01-1862, 2D01-2039, 2D01-2829.
District Court of Appeal of Florida, Second District.
February 27, 2002.
*100 Robert A. Butterworth, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellee.
GREEN, Judge.
The appellees, Roman Fields, James Dinsdale, and Hubert Stepp, were each charged by information as a habitual driving offender in violation of section 322.34, Florida Statutes (1997). Each pleaded not guilty and filed a motion to dismiss, contending that the State could not prove a prima facie case because the State could not produce certified copies of the prior convictions for driving while license revoked. The State conceded that it was unable to produce all certified copies of prior convictions but asserted that it could establish the guilt of the appellees pursuant to sections 322.264 and 322.34(5), Florida Statutes.[1] The trial judges granted the motions to dismiss based primarily on the Fifth District's decision of Sylvester v. State, 770 So.2d 249 (Fla. 5th DCA 2000). We reverse.
It is only by deductive reasoning that one concludes the crimes charged in the instant cases relate to section 322.34(5), Florida Statutes, as opposed to section 322.34(2).[2] Simply stated, there are two methods for establishing a third-degree felony with respect to one being charged for driving after license has been cancelled, suspended, or revoked under section 322.34. The first is section 322.34(2), which provides a straightforward procedure for matching increased punishment to additional driving offenses provided the accused knows of his former driver's license cancellations, suspensions, or revocations. The first two offenses under section 322.34(2) are misdemeanors, whereas a third or subsequent conviction is a third-degree felony. The second method is under section 322.34(5), which is an entirely dependent provision with respect to an accused's having been determined to be a habitual traffic offender pursuant to section 322.264. Both provisions achieve the same result by different methods of proof.
It is not clear to us which subsection of section 322.34 the Fifth District relied on in Sylvester. Sylvester was cited in our prior case of Garcia v. State, 800 So.2d 725 (Fla. 2d DCA 2001). The Garcia case was based on a prosecution under section 322.34(2). We held in Garcia that proof under section 322.34(2) requires certified copies of prior convictions. The Fourth District in Rodgers v. State, 804 So.2d 480 (Fla. 4th DCA 2001), has declared conflict with the Fifth District in Sylvester, contending that Sylvester was decided with reference to section 322.34(5). Because we cannot ascertain under which subsection Sylvester was decided, we decline to declare conflict.
*101 We align ourselves with the Fourth District in Rodgers, wherein the court states:
The violation created by section 322.34(5) does not involveas an element of the crimea finding that the motorist has been convicted on three separate occasions of DWLS. Instead it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist's license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license.
To sum up the requirements for a conviction under section 322.34, the statute as written by the Legislature merely makes it necessary for the state to prove by competent evidence that DMV maintains a record on the motorist, that its record shows the requisite three separate DWLS convictions within a 5[-]year period, and that DMV gave the motorist the statutory notice. These statutes permit the state to make this proof by presenting a certified copy of the motorist's driving record maintained by DMV. That is what the state did in its prosecution in this case. Hence the state made out a prima facie case, which allowed the trier of fact to find defendant guilty of the section 322.34(5) violation.
804 So.2d at 483.
We agree that when a driver has been deemed a habitual traffic offender pursuant to section 322.264 and has received adequate administrative due process as provided by that section, it is not necessary to produce certified records of the prior convictions under section 322.34(5). We also agree with the Fourth District that these cases do not involve an Apprendi issue. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
We therefore reverse the orders granting the appellees' motions to dismiss and remand for further proceedings pursuant to this opinion.
DAVIS and KELLY, JJ., Concur.
NOTES
[1] The State asserted it had one certified conviction with respect to the charge against Hubert Stepp.
[2] Each information failed to list the statute in the title and was concluded by the following language: "did then and there drive and operate a motor vehicle upon a highway of the State of Florida, while his driver's license or driving privilege was revoked pursuant to Florida Statute 322.264 (habitual offender), contrary to Florida Statute 322.34. (3 DEG FEL) (LEVEL 1)."