830 So.2d 214 (2002)
STATE of Florida, Appellant,
v.
Ralph Earl MILLER, Appellee.
No. 2D01-5172.
District Court of Appeal of Florida, Second District.
November 8, 2002.
Richard E. Doran, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellee.
*215 NORTHCUTT, Judge.
Ralph Earl Miller was charged with violating section 322.341, Florida Statutes (2000), which makes it unlawful to drive after one's license has been permanently revoked pursuant to sections 322.26 or 322.28. After his arraignment and receipt of discovery from the State, Miller moved to dismiss on the ground that the State's intention to introduce a certified copy of his driving record in proof of his offense was insufficient under Sylvester v. State, 770 So.2d 249 (Fla. 5th DCA 2000). The circuit court granted the motion. We reverse.
In Sylvester, the Fifth District held that the defendant's computerized driving record was insufficient to prove that he had prior convictions for purposes of elevating his offense of driving while license suspended to a felony. However, after the circuit court below granted Miller's motion to dismiss, the Fifth District decided Arthur v. State, 818 So.2d 589 (Fla. 5th DCA 2002) (en banc). In that case, the defendant was convicted of driving after he had been designated a habitual traffic offender, in violation of sections 322.34 and 322.264. The court noted that the elements of the crime did not include the prior convictions that led to the habitual offender designation. Rather, the elements were the fact of the designation and resulting license revocation, along with the fact that the defendant drove thereafter. The Arthur court held that the driving record maintained by the Department of Highway Safety and Motor Vehicles was sufficient to prove the designation and revocation. The court receded from Sylvester to the extent the decisions conflicted. Arthur, 818 So.2d at 592.
This court, too, has held that the defendant's driving record as maintained by the DMV is sufficient to prove that his license was revoked due to his habitual traffic offender designation. State v. Fields, 809 So.2d 99 (Fla. 2d DCA 2002). See also Rodgers v. State, 804 So.2d 480 (Fla. 4th DCA 2001) (holding that certified copy of computer printout of defendant's driving record maintained by DMV was sufficient to present prima facie case of driving while license revoked as habitual traffic offender, and that State was not required to prove each qualifying conviction for DWLS.)
The statute involved in Fields, section 322.34(5), provides that "[a]ny person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree [.]" The statute under which Miller was charged in this case, section 322.341, provides that "[a]ny person whose driver's license or driving privilege has been permanently revoked pursuant to s. 322.26 or s. 322.28 and who drives a motor vehicle upon the highways of this state is guilty of a felony of the third degree [.]" Although the statutes address revocations stemming from differing conduct and statutory bases, they otherwise proscribe materially identical conduct; both criminalize driving while the driver's license has been revoked. Further, in both instances the department is obliged by section 322.251 to give notice of the revocation by mail. That statute also provides that notation of the giving of the notice in the DMV's records is sufficient proof that the notice was given. § 322.251(2).
Consistent with Fields, we conclude that in a prosecution under section 322.341, the State may make a sufficient prima facie showing that the defendant's license was permanently revoked and that he was given notice of the revocation by introducing a certified copy of the defendant's driving record maintained by the Department of *216 Highway Safety and Motor Vehicles. Accordingly, we reverse the dismissal, reinstate the charge, and remand for further proceedings.
SALCINES and SILBERMAN, JJ., Concur.