SALCINES, Judge.
The State of Florida appeals the trial court order which granted the motion to dismiss charges filed against Daniel D. Tucker for driving while his license was permanently revoked in violation of section 322.341, Florida Statutes (2001)-. We reverse.
Tucker’s motion to dismiss centered on the argument that pursuant to Sylvester v. State, 770 So.2d 249 (Fla. 5th DCA 2000), a computerized driving record was insufficient to establish that a defendant’s driver’s license had been permanently revoked. It was asserted that dismissal was mandated because the State could not prove all the elements of the charged offense. The trial court granted the motion to dismiss. At the time the trial court made its ruling, the Fifth District had not issued its en banc ruling which receded from the earlier panel decision in Sylvester. See Arthur v. State, 818 So.2d 589 (Fla. 5th DCA 2002).
In a case directly on point, this court recently held that in a prosecution under section 322.341, “the State may make a *219 sufficient prima facie showing that the defendant’s license was permanently revoked and that he was given notice of the revocation by introducing a certified copy of the defendant’s driving record maintained by the Department of Highway Safety and Motor Vehicles.” State v. Miller, 830 So.2d 214(Fla. 2d DCA 2002). Accordingly, we reverse the dismissal, reinstate the charge, and remand for further proceedings.
Reversed and remanded.
DAVIS and COVINGTON, JJ„ concur.