[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11864
Non-Argument Calendar

_____

D.C. Docket No. 8:14-cv-00070-MSS-TBM

FRANK BRYANT,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 21, 2018)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Frank Bryant, proceeding pro se, appeals from the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. This Court granted a certificate of appealability to Bryant on one issue: whether the district court erred in dismissing Bryant's claim that there was insufficient evidence to support his conviction for second-degree murder on the basis that it was unexhausted in state court. On appeal, Bryant admits that his claim was not exhausted, but argues that exceptions exist to excuse his procedural default. We affirm the district court's denial because (1) Bryant abandoned his challenge to the district court's determination that his claim was unexhausted by conceding on appeal that his claim was indeed unexhausted, and (2) the arguments he puts forth in this appeal—that exceptions to the exhaustion doctrine apply—were not presented to the district court, and we ordinarily do not address arguments raised for the first time on appeal.

In 2004, Bryant was charged with one count of second degree murder. At trial, after the close of the government's case, Bryant moved for a judgment of acquittal, arguing that the State failed to prove that Bryant acted out of hatred, ill will, spite, or an evil intent as required by Florida's second-degree murder statute. The state court denied his motion, and the jury subsequently convicted him. After the verdict was entered, Bryant filed a written motion for a judgment of acquittal or new trial, renewing his argument that the State failed to establish the ill will,

2

hatred, spite, or evil intent element of second-degree murder.  The state court denied his motion.

On direct appeal, Bryant again argued, among other things, that there was insufficient evidence to support his conviction for second-degree murder.  Bryant claimed that "[t]he United State Constitution requires that criminal convictions must rest upon a determination that the defendant is guilty beyond a reasonable doubt of every element of the crime with which he has been charged."  In support of this proposition, Bryant cited a Florida case, *see State v. Harbaugh*, 754 So. 2d 691, 694 (Fla. 2000), and a United States Supreme Court case also cited by *Harbaugh*, *see United States v. Gaudin*, 515 U.S. 506, 509–10, 115 S. Ct. 2310 (1995).[1]  Bryant proceeded to argue that, based on Florida statutes and case law, he should have been convicted only of manslaughter.  Florida's Second District Court of Appeals disagreed, and summarily affirmed the lower court.

Next, Bryant filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure.  He raised numerous claims, including

---

[1] Taken together, Bryant's statement read:

> "The United State Constitution requires that criminal convictions must rest upon a determination that the defendant is guilty beyond a reasonable doubt of every element of the crime with which he has been charged."  *State v. Harbaugh*, 754 So. 2d 691, 694 (Fla. 2000) (citing *United States v. Gaudin*, 515 U.S. 506, 509–10, 115 S. Ct. 2310 (1995)).

3

a sufficiency of the evidence claim.[2]  The state court denied Bryant's Rule 3.850 motion, reasoning, in relevant part, that it was improper to bring a sufficiency of the evidence claim in post-conviction proceedings and that Bryant should have raised that claim on direct appeal.  Bryant appealed the denial and the Florida Second District Court of appeals affirmed.

Finally, Bryant filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder with a weapon and resulting life sentence on several grounds.  In relevant part, he argued that the State did not prove every element of his conviction because it did not establish that he had committed the crime with the necessary ill will, hatred, spite, or evil intent.

In response, the State argued that the federal district court should dismiss the claim, as it was unexhausted in state court.  Specifically, the state argued that, although Bryant raised the sufficiency of the evidence claim during his direct criminal appeal, he did not raise it as a *federal* constitutional issue.  Rather, he vaguely stated "[t]he United State Constitution requires that criminal convictions must rest upon a determination that the defendant is guilty beyond a reasonable doubt of every element of the crime with which he has been charged."  In support

---

[2] Bryant also brought an ineffective assistance of counsel claim and alleged a *Giglio* violation, *see Giglio v. United States*, 405 U.S. 150 (1972).

4

of this contention, Bryant referenced only one federal case (in an embedded citation) and otherwise relied solely on state law.

The district court agreed with the State's argument and, consequently, denied Bryant's § 2254 petition. The district court reasoned that, because Bryant only made arguments based on state law in his direct appeal, he failed to alert the state court to an alleged federal constitutional violation; thus, his federal sufficiency of the evidence claim is procedurally barred. Furthermore, the district court continued, Bryant failed to offer any evidence that would excuse the procedural default.

Bryant timely appealed the district court's order denying his petition. He now concedes that he failed to exhaust his sufficiency of the evidence claim, but argues that this failure is statutorily excused by § 2254(b)(1)(B) of the Judicial Code. Section 2254(b)(1)(B) provides an exception to the exhaustion requirement if (1) "there is an absence of available State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). Bryant maintains that the lack of corrective process exception applies because (1) he was foreclosed from presenting his sufficiency of the evidence claim on direct appeal due to his trial counsel's failure to preserve it for appellate review; (2) Florida courts do not entertain sufficiency of the evidence claims in post-conviction proceedings, and

5

therefore his failure to bring that claim in his post-conviction motion is excused; and (3) no possibility of state relief is still available.

Furthermore, Bryant argues that his case is analogous to *Martinez v. Ryan*, where the Supreme Court announced a limited exception to the exhaustion doctrine. 566 U.S. 1, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court determined that a state petitioner's failure to exhaust his state remedies is excused where: (1) a state requires a prisoner to raise ineffective-trial-counsel claims at an initial-review collateral proceeding; (2) the prisoner failed to properly raise ineffective-trial-counsel claims in his state initial-review collateral proceeding; (3) the prisoner did not have collateral counsel or his counsel was ineffective; and (4) failing to excuse the prisoner's procedural default would cause the prisoner to lose a substantial ineffective-trial-counsel claim. *See id.*

When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact de novo and findings of fact for clear error. *Grossman v. McDonough*, 466 F.3d 1325, 1335 (11th Cir. 2006). Exhaustion presents a mixed question of law and fact and thus is subject to de novo review. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990). Pro se briefs are read liberally, but a pro se litigant abandons issues not raised in his initial brief. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam); *see also United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003)

(providing that issues not prominently addressed by an appellant, even if properly preserved in the court below, will be considered abandoned); *Atkins v. Singletary*, 965 F.2d 952, 955 n.1 (11th Cir. 1992) (concluding that a § 2254 petitioner abandoned issues raised before the district court by failing to brief them on appeal and therefore refusing to consider those issues). Furthermore, we do "not consider issues or arguments raised for the first time on appeal." *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009).

On appeal, Bryant does not challenge the district court's finding that he failed to exhaust his federal insufficiency of the evidence claim in state court. He concedes that he failed to properly exhaust this claim, abandoning any challenge to the district court's finding that he failed to exhaust his federal claim in state court, so we do not need to address the issue. *Timson*, 518 F.3d at 874; *Jernigan*, 341 F.3d at 1283 n.8; *Atkins*, 965 F.2d at 955 n.1. Furthermore, the arguments that Bryant makes on appeal—that his failure to exhaust falls within an exhaustion exception—were not presented to the district court, and we ordinarily do not address arguments raised for the first time on appeal. *Ferguson*, 580 F.3d at 1193. Because Bryant has abandoned any challenge to the district court's determination that his claim was not properly exhausted in state court and his arguments regarding the exhaustion exceptions are not properly before us, we affirm the district court's denial of Bryant's petition.

7

**AFFIRMED.**