788 So.2d 373 (2001)
Larry JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1636.
District Court of Appeal of Florida, Fourth District.
June 20, 2001.
*374 Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
STONE, J.
Jackson's motion for rehearing is denied. However, we withdraw our opinion of May 2, 2001, and substitute the following:
We affirm Jackson's conviction and sentence for the offense of felony driving under the influence.
At the hearing as to the felony portion of the DUI offense, the state requested the trial judge to take judicial notice of certified copies of the defendant's Ohio and Florida driving records. When asked if he had any objections, defense counsel responded that he would ask for certified convictions of each DUI the state intended presenting. However, when the state sought to introduce the certified copies of the Ohio and Florida driving records into evidence, Jackson's counsel stated that he had no objections.
At the conclusion of the state's evidence on this issue, defense counsel was asked if he had any evidence or argument. He replied, "[A]s to his prior convictions, no evidence, Your Honor. And I don't have any argument as to that." The trial judge then adjudicated Jackson guilty of felony DUI.
At the subsequent sentencing hearing, after discussion of the need for certified copies of convictions, the state was granted continuance to obtain certified copies. On return for sentencing a month later, the state announced that it was unable to obtain the certified copies of Jackson's prior DUI convictions.
It is apparent that the state sought to prove the defendant's priors using only copies of driving records. However, driving records, as distinguished from proper proof such as admissions, stipulations, or certified copies of convictions, are not sufficiently reliable to prove a defendant's prior record. See, e.g., State v. Harbaugh, 754 So.2d 691 (Fla.2000); Coyne v. State, 775 So.2d 969 (Fla. 4th DCA 2000). See also State v. Pelicane, 729 So.2d 534 (Fla. 3d DCA 1999).
We, nevertheless, affirm as Jackson did not object to the admission of the certified driving records at the hearing. Moreover, he made no motions or other argument at the conclusion of the hearing relative to his priors or whether the state had proven beyond a reasonable doubt that the convictions evidenced in the driving record were his. In order to preserve *375 an issue for review by an appellate court, the issue must be addressed to the lower court and the precise legal argument put forth on appeal must have been presented below. See, e.g., Tillman v. State, 471 So.2d 32 (Fla.1985). Jackson's failure to move for judgment of acquittal as to that point waives this issue for further review.
We recognize that Jackson later asserted at sentencing that the state failed to introduce certified copies of his prior convictions. However, the finding of guilt as to the priors took place on February 24, 2000, and the sentencing hearing at which Jackson raised this point took place in April 2000. Therefore, his attempt to raise this point at sentencing, even if considered an oral motion for new trial, was untimely. See Fla. R.Crim. P. 3.590(a).
Accordingly, while Jackson correctly asserts that certified copies were necessary, he has waived this point. As to all other issues, we also find no reversible error or abuse of discretion.
DELL and KLEIN, JJ., concur.