980 So.2d 516 (2007)
Cyd Tyrell FENDER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-927.
District Court of Appeal of Florida, Fourth District.
September 12, 2007.
Richard G. Lubin and Tama Beth Kudman of Richard G. Lubin, P.A., West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
POLEN, J.
Appellee, the State of Florida has filed a motion for rehearing. On June 20, 2007, this court issued an opinion reversing Appellant Cyd Fender's felony DUI conviction, finding the State had failed to present sufficient proof that Fender had three prior DUI convictions. See Fender v. State, 2007 WL 1755617 (Fla. 4th DCA June 20, 2007). The State was required to prove that Fender had three prior DUI convictions to reclassify her current DUI conviction as a felony. The State alleges that this court overlooked section 316.193(12), Florida Statutes (2004) in making this determination. After careful review of the State's motion and the statute in question, we grant the State's motion for rehearing and withdraw our previously issued opinion, reinstating the trial court's original holding and clarifying a point in our previous opinion.
First, in our previously issued opinion, we stated that the trial court was correct in determining the State had presented sufficient evidence that Fender had previously refused to take a physical or chemical test. In its motion for rehearing, the State asks that we clarify our holding, asserting that the issue before the trial court was whether the State had proven that Fender's license was previously suspended for failure to take a physical or chemical test, rather than whether Fender had previously refused to take a physical *517 or chemical test. We agree and reaffirm the trial court's holding that the State presented sufficient proof that Fender's license had been previously suspended for a refusal to take a physical or chemical test.
Second, in our previously issued opinion we relied on State v. Pelicane[1] and Jackson v. State[2] in finding that a certified copy of Fender's criminal history report from the clerk of court's office, her fingerprints and a report from the fingerprint analyst matching Fender to two of her prior bookings along with a certified copy of her driving record were not enough to prove the existence of Fender's prior DUI convictions. However, based on the amendment of section 316.193(12), Florida Statutes (2004), the holding in these cases is no longer valid.
Section 316.193(12) provides:
If the records of the Department of Highway Safety and Motor Vehicles show that the defendant has been previously convicted of the offense of driving under the influence, that evidence is sufficient by itself to establish that prior conviction for driving under the influence. However, such evidence may be contradicted or rebutted by other evidence. This presumption may be considered along with any other evidence presented in deciding whether the defendant has been previously convicted of the offense of driving under the influence.
§ 316.193(12), Fla. Stat. (2004) (emphasis added). This statute was not part of the State's argument in its appellate brief, nor the defense's below, and is being raised for the first time in this motion for rehearing. While this court will not normally consider issues raised for the first time in a motion for rehearing, the court has "the power to reconsider and correct erroneous rulings in exceptional circumstances and where reliance on the previous decision would result in manifest injustice." State v. Owen, 696 So.2d 715, 720 (Fla.1997).
We find that the evidence submitted by the State created a rebuttable presumption of the prior convictions and was sufficient, by itself, to prove Fender's three prior DUI convictions. As Fender did not present evidence at trial rebutting this presumption, we withdraw our previously issued opinion and reinstate the trial court's prior conviction and sentence.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] 729 So.2d 534, 535 (Fla. 3d DCA 1999).
[2] 788 So.2d 373, 374 (Fla. 4th DCA 2001).