COHEN, J.
 

 The Eustis Police Department responded to an automobile crash that happened in the early morning of June 4, 2005. Officer Parks responded to the crash scene and observed a truck that had run through a guardrail. The driver’s side door of the truck was open, and the officer observed the air bag had deployed and a bottle of alcohol on the floorboard. The powder from the air bag was still circulating inside the vehicle, indicating the crash had just occurred. Officers Jicha and Miller were also dispatched to the scene and observed Francisco Montanez stumbling down the sidewalk a half block away from the crash scene. The officers engaged Montanez and detected an odor of alcohol and the smell from the deployed air bag. They also observed that he had soiled himself with urine and was holding a set of car keys. After refusing to perform field sobriety tests, Montanez was placed under arrest for DUI. After being arrested, but before being given
 
 Miranda
 
 warnings, Officer Miller asked Montanez, “[I]s there anyone in the car which we need to be looking for? Anybody hurt? No? Francisco [Montanez].” Montanez responded, “No.” Because Montanez had three prior DUI convictions, he was charged and subsequently convicted of felony DUI.
 

 Montanez raises four arguments on appeal, only two of which we address. Mon-tanez contends the trial court erred in denying his motion for judgment of acquittal because the State failed to prove
 
 corpus delicti.
 
 Specifically, Montanez asserts the State failed to prove
 
 corpus delicti
 
 because there was no evidence that he was in actual, physical control of the vehicle. Consequently, the State could not prove DUI independent of his statement to Officer Miller, and his statement should have been suppressed.
 

 Corpus delicti
 
 may be shown by circumstantial evidence, and the proof does not need to be uncontroverted or overwhelming.
 
 R.L.B. v. State,
 
 703 So.2d 1245, 1246 (Fla. 5th DCA 1998). The circumstantial evidence in this case indicated that the driver’s side door of the truck was open and Montanez was stumbling down the sidewalk a half block away from the crash with car keys in hand. Montanez also smelled of alcohol and the deployed air bag. Furthermore, Montanez was the only person in the vicinity. This was sufficient to prove
 
 corpus delicti. See Syverud v. State,
 
 987 So.2d 1250 (Fla. 5th DCA 2008) (affirming finding of
 
 corpus delicti
 
 where defendant was seen at the accident
 
 *1176
 
 site, later seen walking away, and no evidence was produced that there was another person in the vehicle at the time of the accident).
 

 Montanez also contends the trial court erred in allowing the State to introduce a certified copy of his driving record to prove his prior DUI convictions. This argument has not been preserved for review because Montanez failed to object to its admission.
 
 See Jackson v. State, 788
 
 So.2d 373, 374-75 (Fla. 4th DCA 2001) (superseded by statute as stated in
 
 Fender v. State,
 
 980 So.2d 516 (Fla. 4th DCA 2007)).
 

 AFFIRMED.
 

 PALMER, C.J., and GRIFFIN, J., concur.