804 So.2d 480 (2001)
Charles RODGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-396.
District Court of Appeal of Florida, Fourth District.
December 5, 2001.
Rehearing Denied January 18, 2002.
*481 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Judy Hyman, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was convicted of driving while his license was revoked as a habitual traffic offender. He argues that the state's proof of his prior traffic convictions for driving while license suspended (DWLS) failed as a matter of law. Specifically, he argues that the state was required to prove each of the qualifying convictions for DWLS separately and with all the formalities. We disagree and affirm.
In this appeal, defendant was convicted of a violation of section 322.34(5), which provides:
"Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony...."[1]
As evidence of the offense, the state presented a certified copy of a computer printout of defendant's driving record maintained by its Department of Highway Safety and Motor Vehicles (DMV).[2] Section 322.201 provides:

*482 "A copy, computer copy, or transcript of... the complete driving record of any individual duly certified by machine imprint of [DMV] or by machine imprint of the clerk of a court shall be received as evidence in all courts of this state without further authentication, provided the same is otherwise admissible in evidence."[3]
The certified copy of defendant's DMV driving record reflected that he had three convictions within a 5-year period for DWLS, and that on May 22, 1997, DMV revoked his license and gave him the statutory notice of the revocation.[4]
As the statutory text itself provides, to convict under section 322.34(5) the state was required to prove three elements: (1) DMV had revoked defendant's driver's license as a habitual offender under section 322.264; (2) DMV gave defendant notice of the revocation of his license; and (3) defendant operated a motor vehicle upon a highway of Florida while the license was revoked. As to the second element, the one requiring notice of the revocation, section 322.251(2) provides:
"Proof of the giving of notice and an order of cancellation, suspension, revocation, or disqualification in either such manner shall be made by entry in the records of the department that such notice was given. Such entry shall be admissible in the courts of this state and shall constitute sufficient proof that such notice was given."[5]
The question we address is defendant's contention that the computer printout was insufficient to present a prima facie case of the first and second elements of the section 322.34(5) violation.
A revocation of a driver's license under section 322.264 is done by DMV, the state agency charged with issuing drivers' licenses and maintaining records for each motorist as to driving offenses, as well as any suspension and revocation of the driving privilege.[6] The statutes require all Florida state courts to "forward to [DMV] a record of the conviction of any person in said court for a violation of any [law of this state regulating the operation of motor vehicles on highways]."[7] When the records maintained by DMV reflect that a driver has accumulated three DWLS convictions within a 5-year period, it is required to revoke the motorist's license and give appropriate notice, which can be by first-class mail.[8] Among other things, *483 DMV is also under a statutory duty to require the motorist to surrender the license.[9]
The violation created by section 322.34(5) does not involveas an element of the crimea finding that the motorist has been convicted on three separate occasions of DWLS. Instead it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist's license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license.[10]
To sum up the requirements for a conviction under section 322.34, the statute as written by the Legislature merely makes it necessary for the state to prove by competent evidence that DMV maintains a record on the motorist, that its record shows the requisite three separate DWLS convictions within a 5 year period, and that DMV gave the motorist the statutory notice. These statutes permit the state to make this proof by presenting a certified copy of the motorist's driving record maintained by DMV. That is what the state did in its prosecution in this case. Hence the state made out a prima facie case, which allowed the trier of fact to find defendant guilty of the section 322.34(5) violation.[11]
We disagree with the contrary holding on this issue in Sylvester v. State, 770 So.2d 249, 251 (Fla. 5th DCA 2000). Sylvester analogized the section 322.34(5) offense for driving while a license has been revoked with the entirely inapposite offense of driving under the influence (DUI) with three prior DUI convictions.[12] The manner of proving a violation for the offense under section 322.34, on the one hand, and the DUI offense, on the other, is not the same because they are defined differently in the texts of the respective statutes.
The DUI statute is so framed as to make the prior convictions an element of the DUI offense, i.e. driving while under the influence with three prior convictions for the same offense.[13] In contrast, under section 322.34(5) the offense is driving when a DMV revocation of the motorist's license is in effect. The Legislature could have constructed section 322.34 so that the offense was defined as driving with three prior convictions for DWLS, but it did not do that. The burden of proof *484 created by the Legislature in section 322.34 as actually written was therefore merely to establish the fact of revocation by DMV, appropriate notice to the motorist of such revocation, and the fact of driving while the license was revoked. That was done prima facie here. We are in conflict with the Fifth District in Sylvester.
We are unable to see an Apprendi problem. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires a jury resolution when any fact other than a prior conviction increases the penalty for an offense. See id. ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime... must be ... proved beyond a reasonable doubt."). Under section 322.34(5), the three prior DWLS convictions do not increase the penalty. Instead they are the basis for the agency's action in revoking a license. The offense is in driving after the license has been revoked. The penalty is for that offense, not for having three convictions of DWLS. It would be the penalty whatever the reason for the revocation. It seems to us that the notion behind the drafting of section 322.34(5) is to punish a motorist for acting contrary to agency action revoking his license, not to increase the penalty for another offense of DWLS.
We reject defendant's argument that the statutory scheme which we have discussed above is unconstitutional. See Raulerson v. State, 763 So.2d 285 (Fla. 2000).
AFFIRMED.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] § 322.34(5), Fla. Stat. (2000).
[2] An officer also testified to the fact that defendant drove a motor vehicle while the revocation was in effect and that he arrested defendant for the offense.
[3] § 322.201, Fla. Stat. (2000).
[4] The DWLS conviction dates were March 10, 1992 in Duval County; May 2, 1992 in Indian River County; and January 14, 1997 in Indian River County. The May 2, 1992, conviction was noted as "adjudication withheld." For purposes of section 322.34, a withheld adjudication constitutes a conviction. Raulerson v. State, 763 So.2d 285 (Fla.2000).
[5] § 322.251(2), Fla. Stat. (2000). Defendant did not contest the notice.
[6] See § 322.251(6), Fla. Stat. (2000) ("Whenever a cancellation, suspension, revocation, or disqualification occurs, the department shall enter the cancellation, suspension, revocation, or disqualification order on the licensee's driver file 20 days after the notice was actually placed in the mail. Any inquiry into the file after the 20-day period shall reveal that the license is canceled, suspended, revoked, or disqualified and whether the license has been received by the department.").
[7] See § 322.25(2), Fla. Stat. (2000) ("Every court having jurisdiction over offenses committed under this chapter, or any other law of this state regulating the operation of motor vehicles on highways, shall forward to the department a record of the conviction of any person in said court for a violation of any said laws....").
[8] See supra note 5, and § 322.264(1)(d), Fla. Stat. (2000) ("A `habitual traffic offender' is any person whose record, as maintained by [DMV] shows that such person has accumulated... within a 5-year period: (1) Three or more convictions of any one or more of the following offenses arising out of separate acts... (d) Driving a motor vehicle while his or her license is suspended or revoked....").
[9] See § 322.251(3), Fla. Stat. (2000) ("Whenever the driving privilege is suspended, revoked, or disqualified under the provisions of this chapter, the period of such suspension, revocation, or disqualification shall be indicated on the order of suspension, revocation, or disqualification, and the department shall require the licensee whose driving privilege is suspended, revoked, or disqualified to surrender all licenses then held by him or her to the department."); see also § 322.29(1), Fla. Stat. (2000) ("The department, upon suspending or revoking a license, shall require that such license be surrendered to the department.").
[10] We note that defendant does not claim that the record produced by DMV involves someone else, that DMV has the wrong driver. Nor does he argue that any of the convictions listed are incorrect.
[11] In this instance, the trier of fact was the judge sitting without a jury. Our decision would be the same with a jury.
[12] See § 316.193(2)(b), Fla. Stat. (2000) ("Any person who is convicted of a fourth or subsequent violation of this section is guilty of a felony of the third degree."); see also Coyne v. State, 775 So.2d 969 (Fla. 4th DCA 2000).
[13] See supra note 12.