909 So.2d 544 (2005)
Joseph KALLELIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4201.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.

On Motion for Clarification
WARNER, J.
We grant the motion for clarification, withdraw our previously issued opinion and substitute the following in its place.
*545 Appellant, Kallelis, was convicted of driving while his license was revoked as a habitual offender based upon the introduction of a certified copy of his record from the Department of Motor Vehicles that designated him as a habitual traffic offender and noted his license revocation. The certified copy of his driving record contained no traffic offenses that would constitute qualifying offenses for habitual offender designation. We reverse, as the court erred in denying Kallelis's motion for judgment of acquittal on this record.
Section 322.34(5), Florida Statutes (2003), provides that "[a]ny person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree. . . ." A "habitual traffic offender" is defined in section 322.264, Florida Statutes, as "any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period." (Emphasis added).
We examined this statute in Rodgers v. State, 804 So.2d 480 (Fla. 4th DCA 2001). There, the defense argued that the state had to prove that the defendant was previously convicted three times of driving with a suspended license, leading to his designation as a habitual traffic offender. We disagreed, noting that the state had produced a certified copy of the DMV driving record. We held:
The violation created by section 322.34(5) does not involveas an element of the crimea finding that the motorist has been convicted on three separate occasions of DWLS. Instead it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist's license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license.
To sum up the requirements for a conviction under section 322.34, the statute as written by the Legislature merely makes it necessary for the state to prove by competent evidence that DMV maintains a record on the motorist, that its record shows the requisite three separate DWLS convictions within a 5 year period, and that DMV gave the motorist the statutory notice. These statutes permit the state to make this proof by presenting a certified copy of the motorist's driving record maintained by DMV. That is what the state did in its prosecution in this case. Hence the state made out a prima facie case, which allowed the trier of fact to find defendant guilty of the section 322.34(5) violation.
Id. at 483 (footnotes omitted) (emphasis added). In this case, Kallelis's driving record as maintained by the DMV did not show the requisite convictions to qualify him as a habitual traffic offender in accordance with the statute. Therefore, the state did not prove a prima facie case, and the judgment of acquittal should have been granted.
The state relies on Arthur v. State, 818 So.2d 589 (Fla. 5th DCA 2002), as support for its position. However, that case is distinguishable because Arthur's driving record, admitted into evidence, showed the requisite convictions to qualify him as a habitual traffic offender. Bowen v. State, 833 So.2d 288 (Fla. 5th DCA 2002), which relies on Arthur, is also cited by the state. However, there are insufficient facts recited in that opinion to determine its applicability here.
*546 Because the state failed to present a prima facie case, as the DMV record itself did not show that Kallelis had the requisite convictions to qualify as a habitual traffic offender, the trial court erred in failing to grant the judgment of acquittal. We therefore reverse and vacate the conviction and sentence for driving with a suspended license, the lesser included offense.
POLEN and HAZOURI, JJ., concur.