928 So.2d 1269 (2006)
STATE of Florida, Appellant,
v.
Oscar Glenn JAMES, Appellee.
No. 2D05-76.
District Court of Appeal of Florida, Second District.
May 26, 2006.
*1270 Charles J. Crist, Jr., Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellant.
No appearance for Appellee.
LaROSE, Judge.
The State challenges the trial court's order granting Oscar Glenn James's motion to dismiss the charge of habitual driving while license revoked. We reverse.
Mr. James faced a third-degree felony charge in Polk County; records from the Department of Highway Safety and Motor Vehicles (DMV) reflected a habitual traffic offender designation because Mr. James had three prior convictions for driving with his license suspended or revoked. See §§ 322.264(1)(d), .34(5), Fla. Stat. (2003). One of the prior convictions was based on Mr. James's no contest plea in Hillsborough County to driving with a suspended license. Without that conviction on the DMV records, Mr. James would not have had the habitual traffic offender designation.
In moving to dismiss the new charge in Polk County, Mr. James argued that there was no factual basis for his Hillsborough County plea. He asserted that his license should not have been suspended when law enforcement stopped him in Hillsborough County. In fact, his license was suspended only because the Sarasota County court clerk's office failed to submit a clearance to the DMV indicating that Mr. James had paid a fine for an open container violation. According to Mr. James, because he thought he had a valid license and should have had a valid license absent the clerical error, there was no basis for the Hillsborough County charge. Nevertheless, Mr. James entered his plea to the Hillsborough County charge.
At the hearing on the motion to dismiss, the State did not object to continuing the Polk County case so that Mr. James could try to set aside the Hillsborough County conviction and correct the DMV records. Over the State's objection, the trial court granted the motion and dismissed the Polk County charge.
Our review is de novo. See Bell v. State, 835 So.2d 392, 394 (Fla. 2d DCA 2003). The State did not file a traverse contesting the facts alleged in Mr. James's motion. Consequently, the alleged facts are deemed admitted. Fla. R.Crim. P. 3.190(d); Bell, 835 So.2d at 393. However, *1271 the trial court still must consider the facts alleged in the motion to determine whether the State has established a prima facie case. State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999). The trial court must resolve all questions and inferences in favor of the State. If the facts alleged in the motion establish a prima facie case, the trial court must deny the motion. Id. Furthermore, the trial court cannot grant a motion to dismiss criminal charges even if it concludes that the case would not survive a motion for judgment of acquittal. Id. (holding that knowledge in possession case is question of fact; element of knowledge not proper consideration on motion to dismiss).
Under these principles, the trial court should not have dismissed the charge against Mr. James.
The violation created by section 322.34(5) does not involve  as an element of the crime  a finding that the motorist has been convicted on three separate occasions of DWLS. Instead it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist's license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license.
Kallelis v. State, 909 So.2d 544, 545 (Fla. 4th DCA 2005) (quoting Rodgers v. State, 804 So.2d 480, 483 (Fla. 4th DCA 2001)).
For a conviction, the statute requires the State to prove that (1) DMV maintains a record on the motorist, (2) DMV's records show the requisite three separate convictions within a five-year period, and (3) DMV notified the motorist. Id. A certified copy of DMV's records relating to the defendant may satisfy these requirements and establish the State's prima facie case. Id. (holding that defendant's DMV driving record did not show requisite convictions to qualify him as habitual traffic offender; thus State did not prove prima facie case).
Despite his pending challenge to the prior Hillsborough County plea and conviction, Mr. James did not dispute that the DMV records reflected the requisite convictions for the habitual traffic offender designation. His challenge was to one of the underlying convictions that resulted in that designation. Whether or not his challenge to the Hillsborough County conviction has merit, at the time of the Polk County charge, the DMV records accurately reflected the existence of three prior convictions. Even if Mr. James is successful in vacating his Hillsborough County conviction, the DMV records would be affected only from the date that the conviction was set aside. Any collateral challenge to the Hillsborough County conviction, therefore, would not impact the facts as they were when Mr. James was stopped in Polk County. At that time, the DMV records accurately reflected the habitual traffic offender designation; the allegations in Mr. James's motion to dismiss do not defeat the elements of the charge. On the record before it, the trial court erred in granting Mr. James's motion to dismiss. See Paleveda, 745 So.2d at 1027; Kallelis, 909 So.2d at 545.
Reversed and remanded.
FULMER, C.J., and CANADY, J., Concur.