937 So.2d 1132 (2006)
William WEATHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2856.
District Court of Appeal of Florida, Fourth District.
August 9, 2006.
Rehearing Denied October 18, 2006.
Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
*1133 STONE, J.
Weathers was convicted of felony driving while license revoked as a habitual offender, pursuant to section 322.34(5), Florida Statutes. Weathers contends that his conviction is unsupported by the evidence because the redacted copy of his driving record placed in evidence did not show the requisite convictions required for the initial revocation. We affirm.
Section 322.34(5), Florida Statutes, provides:
Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree. . . .
At trial, Officer Siegal testified that when he approached Weathers' vehicle, "Mr. Weathers immediately told me that he had a problem, or he didn't have a license because he had problems with his license." Siegal also testified that Weathers told him his birth date was September 23, 1960.
The record, as introduced, includes Weathers' name, address, birth date, height, race, sex, and driver's license number. It then provides the following entries:

 Date Entry Description
 7/10/97 Rev-5 Years Habitual Traffic Offender 6/20/97
 6/20/97 Notice required by s. 322.251 given

*1134 The department's record was redacted by the state in accordance with its understanding of an earlier order in limine to omit the offenses that resulted in Weathers being declared a habitual offender.
The defense subsequently moved for a judgment of acquittal, arguing that the state had not met its burden of proof. Weathers' arguments in the trial court were primarily addressed to proof of the required notice and identity.
We initially note that defense counsel never explicitly argued, in seeking a judgment of acquittal, that the driving record content in the redacted driving record failed to show the driving record that resulted in the habitual offender revocation. The state argues that defense counsel waived review of this issue by focusing his objection and motion on the fact that the driving record placed in evidence had not been sufficiently tied to this William Weathers, rather than focusing on the driving history omission in the content of the redacted document.
In any event, in Rodgers v. State, 804 So.2d 480, 483 (Fla. 4th DCA 2001), rev. denied, 828 So.2d 388 (Fla.2002), we said that section 322.34 allows the state to present its proof of the offense of driving while license revoked as a habitual offender through a certified copy of the motorist's driving record as maintained by the Department of Motor Vehicles (DMV). In that case, although the certified copy of the defendant's DMV driving record reflected that the defendant had three convictions within the five-year period, we held:
The violation created by section 322.34(5) does not involveas an element of the crimea finding that the motorist has been convicted on three separate occasions of DWLS. Instead it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist's license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license.
Id.
In Arthur v. State, 818 So.2d 589 (Fla. 5th DCA 2002), rev. denied, 839 So.2d 697 (Fla.2003), the appellant was charged with violating section 322.34(5). The appellant in that case did not contend that he was without knowledge of the revocation, nor did he contend that the driving record was not his record. Id. at 591. The court first dispensed with the appellant's argument that the state failed to allege the specific prior convictions in the information, recognizing that the charge was based on the fact that the appellant had been designated as a habitual traffic offender and the department had revoked the appellant's license, rather than the underlying previous traffic offenses. Id. Noting that the appellant had not raised the issue below, the court addressed the appellant's contention that the driving record did not sufficiently tie the prior convictions to him. Id. at 592. The court held that there was a sufficient nexus in that case because the records reflected the appellant's name, address, his birth date, and his social security number. Id.
We have considered Kallelis v. State, 909 So.2d 544 (Fla. 4th DCA 2005), relied on by Weathers, and deem it inapposite, as the issue in that case was whether the underlying offenses supported a habitual traffic offender designation.
We also conclude that the evidence also sufficiently links Weathers to this driving record. The public record also recites that the requisite notice was given.
*1135 Weathers' other issues on appeal concerning jury instructions were not preserved. As to any other issues raised, we find no reversible error or abuse of discretion.
POLEN and FARMER, JJ., concurs.