969 So.2d 581 (2007)
STATE of Florida, Appellant,
v.
Bobby BYRD, Jr., Appellee.
No. 4D06-2043.
District Court of Appeal of Florida, Fourth District.
December 5, 2007.
*582 Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellant.
Neil M. Nameroff, Miami, for appellee.
WARNER, J.
The state appeals an order granting a judgment of acquittal to the defendant who was charged with driving while his license was revoked pursuant to section 322.34(5), Florida Statutes. We affirm, as the state, without an order requiring it to do so, presented only a redacted version of appellant's driving record which did not show that he was a habitual traffic offender as defined in section 322.264, Florida Statutes.[1]See State v. Phillips, 852 So.2d 922 (Fla. 1st DCA 2003) (for purposes of section 322.34(5), making it a felony for a person to drive with a license "revoked pursuant to s. 322.264 (habitual offender)," the phrase "pursuant to" means "as defined by" section 322.264). Section 322.34(5) provides that "[a]ny person whose driver's license has been revoked pursuant to [as defined by] s. 322.264 (habitual offender) and who drives any motor vehicle . . . while such license is revoked" is guilty of a third degree felony.
Section 322.264 defines a habitual traffic offender as:
any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period. . . .
(emphasis supplied). The record submitted by the state did not show the accumulation of the specified number of convictions. Instead the redacted record showed only a notation that the license had been revoked and notice pursuant to section 322.351 had been given.
Failing to include a driving record showing that appellant met the definition of a habitual offender under the statute is insufficient as a matter of law to prove a prima facie case. See Patterson v. State, 938 So.2d 625, 630 (Fla. 2d DCA 2006) ("A conviction under section 322.34(5) simply requires competent evidence showing that the DHSMV maintained a record on the motorist, that the record reflected three prior moving violation convictions, and that the motorist received notice of his designation as a habitual traffic offender and the resulting suspension of his license."); State v. James, 928 So.2d 1269, 1271 (Fla. 2d DCA 2006) (same); Kallelis v. State, 909 So.2d 544, 545 (Fla. 4th DCA 2005) (same).
Affirmed.
SHAHOOD, C.J., and STEVENSON, J., concur.
NOTES
[1] Although the state sought to substitute the redacted version with another redacted version, both were deficient and failed to support the charge. Section 322.201, Florida Statutes, authorizes the admission of "the complete driving record" maintained by the Department of Motor Vehicles with the machine imprint of the DMV or the court clerk. The statute does not address the admissibility of a redacted version. Redaction should occur only where a court orders it upon a motion by the defendant (such as to prevent undue prejudice where the record is more extensive and has notations of other criminal acts) or where the parties agree to submit the redacted version. In those instances the defendant would necessarily have waived his right to insist on the complete record coming into evidence. On this ground we distinguish Weathers v. State, 937 So.2d 1132 (Fla. 4th DCA 2006), where the driving record was redacted as a result of a court order on a motion in limine to omit the offenses which resulted in Weathers being declared a habitual offender.