971 So.2d 222 (2008)
STATE of Florida, Appellant,
v.
Malek Ahmad ALHINDI, Appellee.
No. 4D06-3354.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellant.
Brittney Horstman of Schwartz & Associates, Miami, for appellee.
STONE, J.
Alhindi was designated a habitual traffic offender. He subsequently drove with a revoked license. Alhindi was stopped for speeding, and when asked to show his driver's license, he acknowledged to the officer, "my license is suspended." We reverse an order granting Alhindi's motion to dismiss charges of felony driving while license revoked as a habitual offender, in violation of section 322.34(5), Florida Statutes.
Alhindi's attorney discovered that the underlying convictions which rendered Alhindi a habitual traffic offender and led the Department of Motor Vehicles (DMV) to revoke his license were erroneously entered due to errors in entering pleas. The *223 state ultimately announced a nolle prosequi on the two underlying offenses, and the DMV then set aside, and removed from its records, the revocation of Alhindi's license.
Following the DMV expungement, Alhindi moved, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), to dismiss this felony charge of driving while license revoked as a habitual offender, arguing that when Alhindi was stopped, the DMV "had illegally placed a 5-year revocation" on his license. The state replied with a motion to strike and/or traverse of Alhindi's motion.
Section 322.34(5) provides that "[a]ny person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree." Section 322.264 defines habitual traffic offender as "any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or (2) within a 5-year period."
This court, in Rodgers v. State, 804 So.2d 480, 482 (Fla. 4th DCA 2002), explained that "to convict under section 322.34(5) the state [must] . . . prove three elements: (1) DMV had revoked defendant's driver's license as a habitual offender under section 322,264, (2) DMV gave defendant notice of the revocation of his license, and (3) defendant operated a motor vehicle upon a highway of Florida while the license was revoked." Id. (holding that the state does not have to "prove each separate conviction . . . which DMV relied on in revoking the license").
Elaborating on the first two elements, we stated in Rodgers that section 322.34(5) "merely makes it necessary for the state to prove by competent evidence that DMV maintains a record on the motorist, that its record shows the requisite . . . convictions within a 5 year period, and that DMV gave the motorist the statutory notice." Id. at 483. Next, the state may prove the first two elements "by presenting a certified copy of the motorist's driving record maintained by DMV." Id.
In Arthur v. State, 818 So.2d 589, 591 (Fla. 5th DCA 2002), the Fifth District recognized that the state's charging instrument does not have to "designat[e] the numerous traffic citations or offenses which led to the [habitual traffic offender] designation."
Commenting on the proper procedure for challenging a habitual traffic offender designation, the Arthur court explained that "[i]f after receiving the notice of revocation Arthur believed his driving record was in error his remedy was to have his record corrected, not to ignore the revocation and continue to drive." Id. at 591-92 (reasoning that section 322.34(5) "requires that one whose license is revoked because he is an habitual traffic offender must not drive unless or until his revocation is set aside").
Later, the Second District analyzed the significance of challenging the underlying prior conviction. Arguing that an underlying conviction was based on a plea entered without a factual basis, the defendant in State v. James, 928 So.2d 1269, 1270 (Fla. 2d DCA 2006), moved to dismiss the 322.34(5) charge. Id. ("Without that conviction on the DMV records, Mr. James would not have had the habitual traffic offender designation."). "At the hearing on the motion to dismiss, the State did not object to continuing the [section 322.34(5)] case so that Mr. James could try to set aside the [underlying] conviction and correct the DMV records." Id. However, the James court reversed the trial court order granting James' motion to dismiss the section 322.34(5) charge, explaining:

*224 Whether or not [James'] challenge to the [underlying] convictions has merit, at the time of the [322.34(5) ] charge, the DMV records accurately reflected the existence of three prior convictions. Even if Mr. James is successful in vacating his [underlying] conviction, the DMV records would be affected only from the date that the conviction was set aside . . . [and] therefore, would not impact the facts as they were when Mr. James was stopped. . . . At that time, the DMV records accurately reflected the habitual traffic offender designation.
The issue of setting aside the underlying conviction was also addressed in Patterson v. State, 938 So.2d 625, 632 (Fla. 2d DCA 2006). There, the court distinguished between statutes that require proof of prior convictions, as an element of the offense, and statutes that require "proof of an administrative designation that was based on prior convictions." Id. at 630.
Reasoning that the habitual traffic offender statutes, such as section 322.34(5), "do not focus on the `reliability' of the prior convictions," the Patterson court noted that Patterson "had the opportunity to challenge the validity of one or more of his convictions by seeking post-conviction relief before they resulted in a finding that he was a habitual traffic offender." Id. at 632.
Here, the department revoked Alhindi's driver's license because his DMV record contained the requisite prior convictions, deeming him a habitual traffic offender. Alhindi then drove his vehicle on a Florida highway. After the state charged Alhindi with felony driving while license revoked as a habitual traffic offender, Alhindi successfully set aside the underlying convictions. Nevertheless, the trial court erred in granting Alhindi's motion to dismiss because the subsequently updated DMV record does not prevent the state from establishing a prima facie case of felony driving with a revoked license as a habitual traffic offender.
Alhindi argues that the state must prove that DMV lawfully designated him a habitual traffic offender. However, DMV did not "illegally" revoke Alhindi's license when it relied on facially valid convictions to support its decision. We recognize that Patterson is distinguishable to some extent because Patterson challenged his underlying convictions in a motion in limine, and Alhindi has already successfully set aside his convictions. Nevertheless, we deem its reasoning applicable here. Alhindi violated the law while under DMV designation and civil disability (having a revoked license).
We conclude that the state is merely required to introduce a copy of Alhindi's DMV records. Alhindi's remedy was to correct his DMV record upon receiving the revocation notice, not ignore the notice and continue to drive with a revoked license and habitual traffic offender designation.
We remand for further proceedings.
STEVENSON and HAZOURI, JJ., concur.