WARNER, J.
 

 Appellant, Lamercus Law, appeals his convictions for driving while license revoked pursuant to section 322.34(5), Florida Statutes, and DUI impairment. We affirm on all issues, but write to correct a misreading of
 
 State v. Byrd,
 
 969 So.2d 581 (Fla. 4th DCA 2007), involving the use of redacted records maintained by the Department of Highway Safety and Motor Vehicles (“DHSMV’).
 

 The state charged Law with a violation of section 322.34(5) as well as driving while impaired. “A conviction under section 322.34(5) simply requires competent evidence showing that the DHSMV maintained a record on the motorist, that the record reflected three prior moving violation convictions, and that the motorist received notice of his designation as a habitual traffic offender and the resulting suspension of his license.”
 
 Patterson v. State,
 
 938 So.2d 625, 630 (Fla. 2d DCA 2006). If the record offered by the state fails to designate the requisite convictions to justify the habitual traffic offender designation under section 322.264, then the state has failed to make a prima facie case for a section 322.34 felony violation for driving on a revoked license.
 
 Carter
 
 
 *859
 

 v. State,
 
 28 So.3d 1238, 1244 (Fla. 4th DCA 2009).
 

 When the state sought to admit Law’s driving record into evidence as a self-authenticating document, defense counsel objected to one entry on the driving record, contending that the entry was prejudicial and should be redacted. The state and the court both cited to
 
 Byrd
 
 for the proposition that it was error for the trial court to ever redact a driving record. Later, however, the trial court readdressed the issue and determined that based upon a section 90.403 analysis of prejudice outweighing probative value, it still denied the redaction. Based upon the court’s interpretation of
 
 Byrd,
 
 the trial court denied the request.
 

 In
 
 Byrd
 
 we
 
 affirmed
 
 a judgment of acquittal by the trial court, where the state had not proved the requisite number of convictions, because it had offered a redacted copy of the defendant’s driving record. We explained that “the state,
 
 without an order requiring it to do so,
 
 presented only a redacted version of appellant’s driving record which did
 
 not
 
 show that he was a habitual traffic offender as defined in section 322.264, Florida Statutes.”
 
 Byrd,
 
 969 So.2d at 682 (emphasis supplied). In other words, the record admitted into evidence did not show the requisite convictions to prove a violation of the statute. Contrary to the trial court’s recollection of the opinion,
 
 Byrd
 
 did not hold that a redacted driving record can never be placed in evidence. In fact, we explained in a footnote: “Redaction should occur only where a court orders it upon a motion by the defendant (such as to prevent undue prejudice where the record is more extensive and has notations of other criminal acts) or where the parties agree to submit the redacted version.”
 
 Id.
 
 at 582 n. 1.
 
 Where the defendant moves for redaction
 
 or where the parties agree to a redacted version of the driving record,
 
 “the defendant would necessarily have waived his right to insist on the complete record coming into evidence.” Id.
 
 at 582 n. 1 (emphasis supplied). Quite simply, in the footnote we clearly covered the situation present in this case where the defendant requested a redaction. Under these circumstances, redaction would be permitted.
 

 We affirm, however, because we conclude that the error in failing to redact the driving record was harmless. The criminal violation on the driving record which Law sought to redact was one for fleeing and eluding. This case involved driving while intoxicated and driving while Law’s license was suspended. The central issue litigated was whether Law was driving the vehicle. One officer testified that he saw Law driving, while Law’s girlfriend who was in another vehicle testified that Law was the passenger in the vehicle. The fleeing and eluding conviction on the driving record would in no way influence the issue of witness credibility. The state never mentioned the conviction, and Law has not stated how this prejudiced him. We conclude that the error was harmless beyond a reasonable doubt.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 Law raises two other issues, both of which are without merit. First, he claims that the trial court erred in denying his motion for mistrial when the officer made an inadvertent comment on his silence. In light of the trial court’s immediate curative instruction, the officer’s testimony was not so prejudicial as to deny appellant a fair trial.
 
 Cf. Herrera v. State,
 
 879 So.2d 38, 41 (Fla. 4th DCA 2004) (holding that trial court did not abuse its discretion in denying a motion for mistrial where an immediate curative instruction sufficiently cured the objectionable statement). Second, he argues that the trial court
 
 *860
 
 erred in admitting evidence regarding a “be on the lookout” (“BOLO”) to which the officers were responding when stopping appellant. The BOLO contained the description of the vehicle and no accusatory information. The court did not abuse its discretion in permitting the officers to refer to it as part of a logical sequence of events.
 
 See Collier v. State,
 
 701 So.2d 1197, 1198 (Fla. 3d DCA 1997).
 

 For the foregoing reasons, we affirm Law’s convictions and sentences.
 

 TAYLOR and MAY, JJ., concur.