SAWAYA, J.
 

 The issue we must resolve is whether Michael Neary, who is a resident of Georgia, may be adjudicated guilty as a habitual traffic offender pursuant to section 322.34(5), Florida Statutes, for driving with a revoked license based on Neary’s classification in Georgia as a habitual traffic violator. Because the driving records that were utilized to classify Neary as a habitual traffic offender were not maintained by the Florida Department of Highway Safety and Motor Vehicles (the Department) as required by section 322.264, Florida Statutes (2008), we reverse Neary’s conviction and sentence for driving with a revoked license — habitual traffic offender.
 

 The trooper who stopped Neary for speeding discovered that Neary’s Georgia driver’s license had been revoked after Neary was classified in that state as a habitual traffic violator. The trooper arrested Neary and charged him with “driving while license revoked — habitual offender,” a third-degree felony. At the nonjury trial, Neary asserted that because his license had been revoked by Georgia, not Florida, and Florida did not maintain his traffic record, he did not meet Florida’s statutory definition of “habitual traffic offender.” The trial court disagreed, found him guilty of driving with a revoked license — habitual traffic offender, and sentenced him to 24 months’ probation. Neary appeals.
 

 Neary was convicted of violating section 322.34(5), which states:
 

 Any person whose driver’s license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this
 
 *898
 
 state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 In order to be convicted under this statute, the defendant’s driver’s license must have been revoked pursuant to section 322.264 of the Florida Statutes, which provides in pertinent part:
 

 A “habitual traffic offender” is any person whose record,
 
 as maintained by the Department of Highway Safety and Motor Vehicles,
 
 shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period....
 

 (Emphasis added).
 
 [1]
 

 It is uncontradicted that because the Department did not maintain Neary’s Georgia traffic records, no records maintained by the Department were utilized to establish that Neary was a habitual traffic offender, and the State does not contend otherwise. Therefore, Neary asserts, and properly so, that he does not qualify as a “habitual traffic offender” under section 322.264 and cannot be convicted under section 322.34(5).
 
 See Patterson v. State,
 
 938 So.2d 625, 630 (Fla. 2d DCA 2006) (“A conviction under section 322.34(5) simply requires competent evidence showing that the DHSMV maintained a record on the motorist, that the record reflected three prior moving violation convictions, and that the motorist received notice of his designation as a habitual traffic offender and the resulting suspension of his license.”);
 
 Rodgers v. State,
 
 804 So.2d 480, 483 (Fla. 4th DCA 2001) (“To sum up the requirements for a conviction under section 322.34, the statute as written by the Legislature merely makes it necessary for the state to prove by competent evidence that DMV maintains a record on the motorist, that its record shows the requisite three separate DWLS convictions within a 5 year period, and that DMV gave the motorist the statutory notice.”)
 

 We conclude that if the records maintained by the Department pursuant to section 322.264 show that a person is a habitual traffic offender, the habitual offender status may be used to elevate the offense of driving with a revoked license to a felony under section 322.34(5). However, Florida may not rely upon a Georgia habitual traffic violator designation to enhance the Georgia resident’s Florida traffic offense to a criminal offense where the Department does not maintain the Georgia traffic records.
 

 Accordingly, we reverse Neary’s conviction and sentence.
 

 REVERSED.
 

 PALMER and ORFINGER, JJ., concur.
 

 [1]
 

 . The 2008 version of the pertinent statutes, in effect when Neary was stopped, is identical to the current version in all material aspects.