# Supreme Court of Florida

———————

No. SC20-408

———————

**HENRY LEE ROBINSON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

November 18, 2021

LABARGA, J.

This case is before the Court for review of the decision of the Second District Court of Appeal in *Robinson v. State*, 290 So. 3d 1007 (Fla. 2d DCA 2020), which involved an appeal of a conviction for driving as a habitual traffic offender while one's driver license is revoked (DWLR-HTO). In *Robinson*, the district court held that under section 322.34(5), Florida Statutes (2016), a conviction for DWLR-HTO does not require the State to prove that the Florida Department of Highway Safety and Motor Vehicles (DHSMV)

provided the defendant with notice of the habitual traffic offender (HTO) driver license revocation. *Id.* at 1018.

The district court also certified that its decision is in direct conflict with the decision of the Fourth District Court of Appeal in *Rodgers v. State*, 804 So. 2d 480 (Fla. 4th DCA 2001), and decisions of the Fifth District Court of Appeal in *Neary v. State*, 63 So. 3d 897 (Fla. 5th DCA 2011), and *Arthur v. State*, 818 So. 2d 589, 591 (Fla. 5th DCA 2002). We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

We hold that proof that DHSMV provided a defendant with notice of an HTO driver license revocation is not an element of the crime of DWLR-HTO under section 322.34(5), Florida Statutes (2016). Consequently, we approve the holding in *Robinson*, and we disapprove the decisions in *Rodgers*, *Neary*, and *Arthur* to the extent that they state that section 322.34(5) requires proof of notice.

## FACTS AND PROCEDURAL BACKGROUND

Henry Robinson was charged with DWLR-HTO and was tried by a jury in Pinellas County. *Robinson*, 290 So. 3d at 1009. At trial, Robinson sought to use a special jury instruction requiring

the jury to find that DHSMV provided him with notice of his HTO driver license revocation. *Id.* at 1009-10. The trial court denied the request for the special instruction, and the jury was instructed using the standard jury instruction. *Id.* at 1010. Robinson was convicted as charged and sentenced to 365 days in jail. *Id.* at 1011. On appeal, Robinson raised two issues: (1) insufficient evidence of notice, and (2) error in denying the use of his proposed special jury instruction. *Id.* at 1008.

Sitting en banc, the district court affirmed Robinson's conviction and held that a conviction for DWLR-HTO under section 322.34(5) does not require proof of notice. *Id.* at 1018. The court also receded from case law that it concluded had "inadvertently grafted an element [notice] onto a statutorily defined criminal offense that the legislature did not see fit to include." *Id.* at 1008. The court further certified conflict with *Rodgers*, *Neary*, and *Arthur*. *Id.* at 1019. This review follows.

## ANALYSIS

### I. Provisions Relating to Notice

DHSMV is required to provide driver licensees with notice of any driver license cancellation, suspension, revocation, or

disqualification, *see* § 322.251(1), Fla. Stat. (2016), and subsequently, to "enter the cancellation, suspension, revocation, or disqualification order on the licensee's [DHSMV] driver file." *Id.* § 322.251(6). Notice may be made by personal delivery or first-class mail, *id.* § 322.251(1), and "[p]roof of the giving of notice and an order or cancellation, suspension, revocation, or disqualification in either manner shall be made by entry of the records of [DHSMV] that such notice was given." *Id.* § 322.251(2).

When applicable, "[t]he entry is admissible in the courts of this state and constitutes sufficient proof that such notice was given." *Id.* For instance, in a prosecution for knowingly driving while license suspended, revoked, canceled, or disqualified (DWLS), proof of notice creates a rebuttable presumption of the defendant's knowledge. *See* § 322.34(2), Fla. Stat. (2016).

The certified conflict issue we address is whether, pursuant to section 322.34(5), a DWLR-HTO conviction requires the State to prove that DHSMV provided the defendant with notice of the HTO driver license revocation. As we explain, the answer is no.

## II. DWLR-HTO and Section 322.34(5)

Florida law specifies the criteria by which an individual is designated as an HTO. An HTO is "any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person," within a five-year period, "has accumulated [three or more] convictions for [certain enumerated] offenses" set forth in section 322.264, Florida Statutes, or who has accumulated "[f]ifteen convictions for moving traffic offenses for which points may be assessed as set forth in s. 322.27." § 322.264, Fla. Stat. (2016).

Once an individual is designated as an HTO, Florida law requires that DHSMV revoke the individual's driver license for a period of five years. *See* § 322.27 (5)(a) ("The department shall revoke the license of any person designated a habitual offender, as set forth in s. 322.264, and such person is not eligible to be relicensed for a minimum of 5 years from the date of revocation, except as provided for in s. 322.271. Any person whose license is revoked may, by petition to the department, show cause why his or her license should not be revoked.").

An HTO who drives with a revoked driver license commits a felony offense:

> Any person whose driver license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 322.34(5), Fla. Stat. (2016).[1]

At Robinson's trial, consistent with section 322.34(5), the jury was instructed as follows:

> (1) One, Henry Lee Robinson drove a motor vehicle upon a highway in this state;
> (2) Two, at the time, Henry Lee Robinson's license was revoked as a habitual traffic offender.

---

1. Effective October 1, 2019, section 322.34(5) was amended as follows:

> Any person who has been designated a habitual traffic offender as defined by s. 322.264 and who drives any motor vehicle upon the highways of this state while designated a habitual traffic offender is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

*See* ch. 2019-167, § 12, Laws of Fla. The amended statute remains substantively consistent with the 2016 statute under which Robinson was prosecuted.

*See* Fla. Std. Jury Instr. (Crim.) 28.11(a).[2]  Robinson's jury was also instructed that an HTO is "any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that he or she has been designated as a habitual traffic offender, resulting in his or her privilege to drive a motor vehicle having been revoked." *Id.*

## III. A DWLR-HTO Conviction Does Not Require Proof of Notice

Robinson argues that for his conviction to be valid, the State was required to prove that DHSMV provided him with notice of his HTO driver license revocation.  We reject Robinson's argument because under the plain meaning of section 322.34(5), proof of notice is not required.

The offense of DWLR-HTO consists of two elements: (1) the defendant drove a motor vehicle upon the highways of this State, and (2) at the time of the offense, the defendant had his driver license revoked as an HTO.  *See* § 322.34(5), Fla. Stat. (2016). Nowhere in the text of section 322.34(5) is proof of notice required.

---

2.  The standard jury instruction has also been slightly modified since 2016, but it remains substantively unchanged as to the elements the State must prove.

To that end, the district court properly concluded that "[t]he text of section 322.34(5) is plain, clear, and unambiguous." *Robinson*, 290 So. 3d at 1011. "[W]hen the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." *State v. Peraza*, 259 So. 3d 728, 730 (Fla. 2018) (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)).

"[T]he statutory elements of a section 322.34(5) offense are just what the statute states they are." *Robinson*, 290 So. 3d at 1018. Thus, proof of notice is not an element of DWLR-HTO, and the district court did not err in affirming Robinson's conviction.

## IV. Certified Conflict Cases

We now turn to the certified conflict with *Rodgers*, *Neary*, and *Arthur*. While none of these cases involved the express question of law at issue in the present case—whether section 322.34(5) requires proof of notice—the analysis in each case erroneously states that the statute requires proof of notice.

### *Rodgers*

In *Rodgers*, the Fourth District addressed whether a conviction for DWLR-HTO that is based on three convictions of driving while license suspended, revoked, canceled, or disqualified (DWLS) requires proof of each individual suspension. *Rodgers*, 804 So. 2d at 481. The district court held that "[t]he violation created by section 322.34(5) does not involve—as an element of the crime—a finding that the motorist has been convicted on three separate occasions of DWLS." *Id.* at 483. Rather, the court observed, "it involves driving a motor vehicle on the public highways of Florida at a time when DMV has revoked the motorist's license and given notice of the revocation. Thus it is not necessary for the state to prove each separate conviction of DWLS which DMV relied on in revoking the license." *Id.*

### *Neary*

In *Neary*, the Fifth District explained: "The issue we must resolve is whether Michael Neary, who is a resident of Georgia, may be adjudicated guilty as a habitual traffic offender pursuant to section 322.34(5), Florida Statutes, for driving with a revoked

license based on Neary's classification in Georgia as a habitual traffic violator." *Neary*, 63 So. 3d at 897.

In reversing Neary's conviction because the records on which the State relied to obtain the conviction were not maintained by DHSMV, the district court quoted language from *Patterson v. State*, 938 So. 2d 625, 630 (Fla. 2d DCA 2006), and *Rodgers*, 804 So. 2d at 483, wherein both opinions state that proof of notice is required under section 322.34(5). *Neary*, 63 So. 3d at 898.

### *Arthur*

In *Arthur*, the Fifth District addressed whether the State was required "to allege in the information the specific prior offenses which led to [the defendant] being designated an habitual traffic offender." *Arthur*, 818 So. 2d at 591. The district court held that an information does not have to list the underlying offenses. *Id.*

However, in summarizing the nature of Arthur's offense, the district court suggested that proof of notice was required: "Here, Arthur's charged offense was continuing to drive after being notified that the Department had determined that he was an habitual traffic offender and that his license had been revoked for that reason. If after receiving the notice of revocation Arthur believed his driving

- 10 -

record was in error his remedy was to have his record corrected, not to ignore the revocation and continue to drive. Arthur does not contend he was without knowledge of the revocation." *Id.*

To the extent that *Rogers*, *Neary*, and *Arthur* state that proof of notice is required, they do so contrary to the plain language in section 322.34(5), Florida Statutes.

## CONCLUSION

For these reasons, we approve the holding in *Robinson* that section 322.34(5) does not require proof of notice, and we disapprove *Rodgers*, *Neary*, and *Arthur* to the extent that they interpret section 322.34(5) as imposing such a requirement.

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, COURIEL, and GROSSHANS, JJ., concur.
MUÑIZ, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal
    Certified Direct Conflict of Decisions

    Second District - Case No. 2D17-3087

    (Pinellas County)

Howard L. "Rex" Dimmig, II, Public Defender, and Matthew J. Salvia, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

for Petitioner

Ashley Moody, Attorney General, Tallahassee, Florida, and Jonathan S. Tannen, Assistant Attorney General, Tampa, Florida,

for Respondent