MONACO, C.J.
 

 This appeal requires us to interpret sections 322.34(5) and 322.34(10), Florida Statutes (2009), in order to determine under the facts of this case whether the appellant, Brittney M. Wyrick, should have been charged with a third-degree felony or a first-degree misdemeanor for the crime of driving while her license was suspended. Because we conclude that she was properly charged with a felony, we affirm.
 

 Although the appellant was initially accused of three offenses, only one of these is pertinent for purposes of this appeal. The critical count in the information against her charged Ms. Wyrick with a third-degree felony for driving without a license after her license had been revoked pursuant to section 322.264, Florida Statutes (2009), as an habitual traffic offender (“HTO”). That statute, among other things, relates that if a person whose record as maintained by the Department of Highway Safety and Motor Vehicles reflects that he or she has accumulated three convictions within a 5-year period for DUI or for driving a motor vehicle while his or her license is suspended or revoked (among other reasons), then that person is designated as an HTO. Section 322.34(5), Florida Statutes, in turn, makes it a third-degree felony for one whose license is suspended or revoked as an HTO, to drive a motor vehicle upon the highways of Florida. Thus, if a person is an HTO and is caught driving in the State, he or she is to be charged with a felony.
 

 The rub comes because in 2008 the Legislature adopted section 322.34(10)(a)6., Florida Statutes, which states that notwithstanding any other provision of section 322.34, if the offender does not have a prior forcible felony conviction, and if the person is designated an HTO as a result of the suspension of the offender’s license because of certain purely financial defaults (as well as some other enumerated reasons not germane to this case), the offender is only to be punished for a first-degree misdemeanor upon a second or subsequent conviction for the same offense.
 

 After being charged, Ms. Wyrick filed a motion to dismiss the felony charge of driving without a license and asked that the State be compelled to amend the charge to a first degree misdemeanor. In doing so Ms. Wyrick attached her driving record which reflected that she had been convicted of DUI in 2004, as well as two
 
 *676
 
 driving with license suspended or revoked offenses, both in 2006. The 2006 charges were, however, financial responsibility suspensions; namely, driving without insurance.
 

 Ms. Wyrick noted that although she drove her vehicle while being labeled an habitual offender under section 322.34(10), her current offense should have been charged only as a first degree misdemean- or. She takes this position because two of the offenses for which she had previously been convicted fell within the exceptions listed in subparagraph (l)(a)4. To understand her argument, it is helpful to examine section 322.34(10) with greater particularity. That statute provides in pertinent part:
 

 (a) Notwithstanding any other provision of this section, if a person does not have a prior forcible felony conviction ..., the penalties provided in paragraph (b) apply if a person’s driver’s license or driving privilege is canceled, suspended, or revoked for
 

 1. Failing to pay child support....;
 

 2. Failing to pay any other financial obligation ak provided in s. 322.245....;
 

 3. Failing to comply with a civil penalty. ...;
 

 4. Failing to maintain vehicular responsibility. ...;
 

 5. Failing to comply with attendance or other requirements for minors ....; or
 

 6. Having been designated a habitual traffic offender under s. 322.264(l)(d) as a result of suspensions of his or her driver’s license or driver privilege for any underlying violation listed in subparagraphs 1.-5.
 

 [[Image here]]
 

 (b)2. Upon a second or subsequent conviction for the same offense of knowingly driving while his or her license is suspended, revoked, or canceled for any of the underlying violations listed in sub-paragraphs (a)l. — 6., a person commits a misdemeanor of the first degree....
 

 (Emphasis supplied).
 

 Ms. Wyrick argues in this court as she did in the motion to dismiss below that because two of the suspensions that were the basis for her current classification as an habitual offender were premised on her failure to maintain auto insurance, she should only have been charged with a misdemeanor. Since under her theory she should have been charged with a misdemeanor, and since the other two counts that she faced were also misdemeanors, she moved the circuit court to transfer her case to the county court. There was no dispute at the motion hearing that Ms. Wyrick was an HTO and that she had no prior forcible felonies. Her habitual traffic offender status was based on the prior DUI and two other suspensions that fell specifically within the ambit of section 322.34(10)(a)4., Florida Statutes.
 

 The State’s position has been and remains that for Ms. Wyrick to prevail, all three prior convictions would have to fall within the listed exceptions under (10)(a) in order for the current offense to be charged as a misdemeanor rather than a felony. In other words, for the current charge to qualify as an exception to the general rule in section 322.34(5), Florida Statutes, it would have to fit all of the criteria set forth in the exception. The current charge did not come within the statute in the view of the State, however, because of the preexisting DUI conviction. Thus, the State reads (10)(a)6. to require all of the three prior convictions to be within (10)(a)l.-5. in order for the statute to apply.
 

 The defense counters that because (10)(a)6. uses the word “suspensions,” meaning more than one prior suspension,
 
 *677
 
 it did not require that “all” three prior suspensions fall within (10)(a)l.-5. Thus, as “some” of Ms. Wyrick’s prior convictions were based on financial defaults, (10)(a)6. should apply. In addition, she argues that because the language was vague, it should be interpreted in her favor, and she should have been charged only with a misdemeanor.
 

 The trial court, considering this a case of first impression, disagreed with the defense and reasoned that Ms. Wyrick only partially attained her status as an HTO from her financial defaults. In other words, without the DUI, the two driving while license suspended or revoked convictions would not have resulted in her HTO status. The court considered the intention of the Legislature in adopting the statutes in question and concluded that the Legislature intended for Chapter 322 to be construed to discourage repeat offenders, such as habitual traffic offenders, from driving in Florida, and that for section 322.34(10)(a)6. to be of benefit to the appellant, all three priors would have to be based upon the exceptions listed in subsection (10)(a)l.-5. Finally, the trial court explained that if it reduced Ms. Wyrick’s charge to a misdemeanor, this would, in effect, ignore her status as an HTO, and undermine the legislative intent in devising the punishment schedule. After the court denied her motion, Ms. Wyrick entered a plea of guilty to the charge, reserving her right to appeal the denial of her motion to dismiss.
 

 We think the trial judge got it right. One of our primary responsibilities in construing a statute is to effectuate the intention of the Legislature in creating the statute.
 
 See State v. J.M.,
 
 824 So.2d 105, 109 (Fla.2002). Moreover, it is our obligation when doing so to consider the statutory framework as a whole, including such matters as the evil addressed by the statute in question and the interrelationship between the statutes that make up the framework, as well as the language used by the Legislature and other considerations.
 
 See Bautista v. State,
 
 863 So.2d 1180, 1186 (Fla.2003).
 

 In the present case the intent we are seeking is specifically provided by the Legislature in section 322.263, Florida Statutes (2009). That statute, entitled “Legislative Intent,” reads as follows:
 

 It is declared to be the legislative intent to:
 

 (1) Provide maximum safety for all persons who travel or otherwise use the public highways of the state.
 

 (2) Deny the privilege of operating motor vehicles on public highways to persons who, by their conduct and record, have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state and the orders of the state courts and administrative agencies.
 

 (3) Discourage repetition of criminal action by individuals against the peace and dignity of the state, its political subdivisions, and its municipalities and impose increased and added deprivation of the privilege of operating motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws.
 

 We conclude, as did the trial court, that the Legislature intended Chapter 322 to discourage repeat offenders, such as HTOs, from driving -within Florida. Our construction of section 322.34(10), Florida Statutes, therefore, must be guided by this intention.
 

 Section 322.34(5), Florida Statutes, makes it a third-degree felony for one whose driver’s license has been revoked as an habitual traffic offender to drive a motor vehicle upon the highways of the State. Thus, the two elements of the offense are
 
 *678
 
 that a defendant’s license is revoked as an “habitual offender,” and that the person has driven a motor vehicle upon the highways of the State. As previously noted, in order to be an habitual traffic offender pursuant to section 322.264, Florida Statutes, a person’s record, as maintained by the Department of Highway Safety and Motor Vehicles must show that the person had accumulated three convictions within a 5 year period.
 
 See Arthur v. State,
 
 818 So.2d 589 (Fla. 5th DCA 2002),
 
 review denied,
 
 839 So.2d 697 (Fla.2003).
 

 By adopting section 322.34(10), Florida Statutes, the Legislature made an exception to the general scheme of Chapter 322 by granting certain leniency to persons who became an HTO
 
 only
 
 because of those reasons listed in (10)(a)l. — 5. To say that one could take advantage of that legislative leniency by having some but not all of the violations based on failures of financial responsibility would appear to fly in the face of the intention to discourage repeat offenders from driving on Florida’s streets and highways.
 

 Here, Ms. Wyrick was unquestionably designated an HTO, but not solely as a result of the underlying defaulted financial responsibilities. Only with the addition of the DUI did Ms. Wyrick become qualified as an HTO. As we construe paragraph (10)(a)6. to apply only if all three underlying violations utilized to designate Ms. Wy-rick an HTO would have fallen within (10)(a)l.-5., and as she does not meet this statutory requirement, we agree with the trial court that she was properly charged with a third-degree felony.
 

 Finally, we note, as did the trial court, that to adopt Ms. Wyrick’s position would essentially require us to eliminate her status as an HTO, even though she has worn that badge for three years. The result that she seeks would be absurd in light of the statutes in question, because it would render section 322.34(5) ineffective in this instance. In interpreting a statute courts should avoid absurd results.
 
 See State v. Webb,
 
 398 So.2d 820, 824 (Fla.1981).
 

 Accordingly, we affirm the judgment and sentence in all respects.
 

 AFFIRMED.
 

 SAWAYA and PALMER, JJ„ concur.