ALTENBERND, Judge.
Ernso Simon appeals the trial court’s order denying his motion to correct an illegal sentence. He is serving a five-year prison term for felony habitual driving with a license that was suspended, revoked, or cancelled. See § 322.34, Fla. Stat. (2008). The trial court correctly ruled that this sentence is legal, but Mr. Simon may be correct that his offense should have been classified as a misdemeanor.
Mr. Simon’s primary argument is that his offense should be categorized as a first-degree misdemeanor and not a third-degree felony in light of section 322.34(10)(a). See Wyrick v. State, 50 So.3d 674 (Fla. 5th DCA 2010). This portion of section 322.34 was added shortly before Mr. Simon’s relevant offense, and it is entirely possible that his attorney was not aware of this change in the law. We cannot tell from our record whether this subsection applies to Mr. Simon. He claims that he has no prior forcible felony, which may be true if there are only thirteen points on his scoresheet.
This claim, however, does not involve an illegal sentence and cannot be resolved without an evidentiary hearing. In order to raise this issue, Mr. Simon needs to file a motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging that his lawyer was ineffective in allowing him to plead to this felony and to be sentenced to this five-year term of imprisonment when the offense was really a first-degree misdemeanor. The relevant sentence was imposed on September 3, 2009, and the trial court should accept as timely any proper motion that is filed by October 3, 2011.
Affirmed.
DAVIS and KHOUZAM, JJ., Concur.